UNITED STATES, Appellee

v.

JAMES L. BROWNING, Sergeant, U. S. Army, Appellant

1 USCMA 599, 5 CMR 27

No. 348

Decided August 15, 1952

■■■■■■

■■■■■■ ■ ■

LT. COL. James C. Hamilton, USA, and 1ST LT. James A. Hagan, USA, for Appellant.

LT. COL. Paul J. Leahy, USA, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Appellant stands convicted of rape, in violation of Article of War 92, 10 USC § 1564. He was sentenced by general court-martial to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for seven years. The convening authority and a board of review have affirmed the findings and sentence.

Appellant's petition for review was granted by this Court, but our consideration was limited to the question of whether the action of the law officer in excluding character testimony on appellant's behalf until after findings operated to his prejudice. The facts bearing on this issue are these. During the course of trial, defense counsel was permitted to introduce, out of order, and as a matter of expediency and convenience for the witnesses concerned, two persons who testified to the good character and soldierly efficiency of petitioner. Subsequently defense counsel called a Captain Harrington. After the witness had been asked how long he had known the accused, and had responded, the following colloquy ensued:

"LAW OFFICER: Just a moment. Is the captain going to testify as to the issues in the case, or just what type of witness is he to be?

DEFENSE: I want him as a character witness, sir, and also as to what he heard during the investigation. In other words, as a character witness and as an impeaching witness.

LAW OFFICER: Character matters should be brought out, as you know, after the court has reached its findings, if it is necessary. I suggest that defense withhold that part of the testimony until that time.

DEFENSE: Request the witness be excused.

(The witness was thereupon excused, and resumed his seat at defense counsel table).

LAW OFFICER: I would like to point out once more to the defense that matters in mitigation, extenuation, and as to character, come up after the court has reached its findings, under the 1951 Manual for Courts Martial. It is not only the proper place for such matters to receive consideration, but is obviously the most advantageous time to present it insofar as the accused is concerned."

The law officer's ruling was palpable error, flying in the teeth of a specific provision of the Manual for Courts-Martial, United States, 1951, paragraph 138f(2), stating that:

"In order to show the probability of his innocence, the accused may introduce evidence of his own good character, including evidence of his military record and standing and evidence of his general character as a moral well-conducted person and law-abiding citizen. However, he may not introduce evidence as to some specific trait of character unless proof of that trait would have a reasonable tendency to show that it was unlikely that he committed the particular offense charged. . . ."

However the authorities may be divided on the question of whether a defendant in a criminal case may introduce evidence of general good character on the issue of his guilt or innocence, the Manual, supra, is explicit that such evidence is "admissible."

The Government argues that, since character evidence had actually been admitted, the excluded testimony could well have been rejected as cumulative,

■■■■■■

pursuant to the Manual, supra, paragraph 137. Therefore, exclusion, even though on an erroneous premise, was not prejudicial. However, we cannot avoid thinking that the statement of the law officer in connection with his exclusionary ruling left the members of the court with the erroneous notion that character evidence may not properly be considered on the issue of guilt or innocence. At the very least it must have left them thoroughly confused. We cannot even be certain that the character evidence actually admitted before findings was in fact considered by the court as bearing on guilt or innocence.

It is often said, with considerable merit, that character evidence—more particularly general character evidence —is of doubtful practical value to a defendant charged with crime. Nevertheless it may become the factor which tips the scales in his favor. Therefore, courts have repeatedly held to be reversible error a refusal to charge the jury that evidence of good character alone may be sufficient to warrant acquittal, even though evidence of guilt may be convincing. Edgington v. United States, 164 US 361, 41 L ed 467, 11 S Ct 72; Egan v. United States, 287 F 958 (CA DC Cir); Jones v. United States, 289 F 536 (CA DC Cir). In the Edgington case the following language is used at page 367:

"'. . . Proof of this kind may sometimes be the only mode by which an innocent man can repel the presumption of guilt arising from the possession of stolen goods. It is not proof of innocence, although it may be sufficient to raise a doubt of guilt. The court seemed to think it was entitled to no weight, unless, taking the language used in its most favorable aspect, there was doubt of his guilt. A strong prima facie case was made out by the prosecution, but it was not conclusive. If the court had told the jury that his good character should be taken into consideration by them, and was entitled to much weight, a reasonable doubt of the prisoner's guilt might have been raised which would have resulted in his acquittal.'"

Wigmore goes so far as to say that evidence of good soldierly character is even stronger than the customary evidence of good general character. Wigmore, Evidence, 3d ed., § 59.

In the cases cited above character evidence had been admitted. It was the trial court's refusal to give a highly favorable charge with respect thereto that provided the foundation for reversal. A fortiori, where character evidence is entirely excluded from consideration on the issue of guilt or innocence, reversal is required.

The decision of the board of review is reversed. The case is returned to The Judge Advocate General, United States Army, for rehearing or other action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.