UNITED STATES, Appellee

v.

GEORGE W. BENDERS, JR., Private E–2, U. S. Army, Appellant

2 USCMA 620, 10 CMR 118

No. 1512

Decided June 12, 1953

Lt Col James C. Hamilton, U. S. Army, and 1st Lt James A. Hagan, U. S. Army, for Appellant.

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Robert A. Forman, U. S. Army, for Appellee.

### Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused was convicted by general court-martial in Korea of willful disobedience of an order of a superior

officer in violation of Article 90 of the Uniform Code of Military Justice, 50 USC § 684. He was sentenced to dishonorable discharge, total forfeitures and confinement at hard labor for ten years. We granted the accused's petition for review on the following issues:

"1. Whether the evidence to support the conviction was sufficient.

"2. Whether the law officer's instructions on the elements of the offense were adequate."

## II

It was established by evidence at the trial that the accused was assigned to Company B, 35th Regimental Combat Team, as a litter-bearer, and reported to that organization during the afternoon hours of March 31, 1952. During the night, while the accused was occupying the bunker to which he was assigned, orders were issued requiring the litter-bearers to bring in wounded men of the company. When the accused did not respond, Lieutenant Marr, a company officer, went to the bunker and standing in the entrance about eight feet from the accused, ordered him to go to the aid of the wounded men. The accused, who was fully awake, did not comply. It appeared that one candle and a flashlight furnished whatever light there was in the bunker at the time. The officer wore the insignia of his grade and arm of service upon his lapels. The others within the bunker recognized Lieutenant Marr as an officer. Testifying in his own behalf the accused admitted hearing and understanding the order, and not obeying it. He asserted, however, that he did not know Lieutenant Marr was an officer, and because of the poor light in the bunker, he could not see any insignia of grade. Without attempting to labor the point by outlining the inferences which arise from each evidentiary factor, suffice it to say that we consider the evidence sufficient to sustain the finding of guilty. The first issue is accordingly answered in the affirmative.

## III

The only question open to dispute at the trial was whether the accused had knowledge that the order in question was given by a superior officer. In his sworn testimony the accused admitted all other aspects of the offense, but denied having such knowledge. His denial is supported by other facts not in dispute. He had joined the unit a matter of hours prior to the time the order was given; he had never seen the officer before; the officer was standing in a dimly lighted bunker eight feet from the accused, and did not identify himself as an officer. Therefore, the issue of knowledge was clearly raised. In fact, it was the only real issue at the trial. Consequently, the law officer should have instructed the court that to return a finding of guilty it must find that the accused knew the person issuing the order was his superior officer. His failure to so instruct was error. United States v. Charles F. Simmons (No. 505), 5 CMR 119, decided September 26, 1952. The proper test for determining whether prejudice resulted from this error was laid down in United States v. Wallace (No. 988), 10 CMR 93, decided June 3, 1953, as follows:

". . . If knowledge is conceded, if the evidence compels a finding that the accused knew the order was given by an officer, or if the record is barren of any evidence from which it could reasonably be inferred the accused might not know that a superior officer was issuing the order, then the error, if any, is nonprejudicial. If on the other hand, the evidence permits a finding of lack of knowledge, then the accused has just cause to complain. . . ."

Since the issue of knowledge was squarely raised by the evidence, prejudice necessarily resulted, for we cannot speculate what the court would have found had proper instructions been given. United States v. Rhoden (No. 153), 2 CMR 99, decided February 26, 1952.

The second issue is answered in the negative. The decision of the board

of review is reversed, and the record is remanded to The Judge Advocate General of the Army for rehearing, or for other action not inconsistent with this opinion.

Judge LATIMER concurs.

BROSMAN, Judge (concurring in the result):

I concur in the result. See my separate opinion in United States v. Wallace (No. 988), 10 CMR 98, decided June 3, 1953.