UNITED STATES, Appellee

v.

WILLIAM E. BEASLEY, Private First Class,
U. S. Army, Appellant

3 USCMA 111, 11 CMR 111

No. 2173

Decided July 24, 1953

Lt Col James C. Hamilton, U. S. Army, Maj Edwin Doran, U. S. Army, and 1st Lt Richard B. Dempsey, U. S. Army, for Appellant.

Col Allan R. Browne, U. S. Army, Lt Col William R. Ward, U. S. Army, Lt Col Darrel L. Hodson, U. S. Army, and Capt Irvin M. Kent, U. S. Army, for Appellee.

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, and of two separate offenses of larceny in violation of Article 121 of the Code, supra, 50 USC § 715. He was sentenced to dishonorable discharge, total forfeitures and confinement at hard labor for two years. Intermediate appellate agencies have affirmed the findings and sentence. We granted the accused's petition for review to determine whether the law officer's refusal to give an instruction requested by the defense relative to the larceny specifications constituted error.

On successive days the accused cashed two checks each in the sum of $50.00 at the Walter Reed Medical Center Exchange. These checks were drawn on a Texas bank in which the accused had an account for a period of approximately four months, three years prior to the events here involved. When the checks were dishonored, the accused was questioned by military authorities. He said that he knew at the time of making the checks that he had no money in the bank on which they were drawn. Testifying in his own behalf, the accused admitted cashing the checks, but, denying he had said in his confession that he knew he had no money in the bank, he protested that he honestly believed he had sufficient funds to pay the checks.

Article 121, Uniform Code of Military Justice, supra, defines as larceny the offenses formerly known to the common law as embezzlement and obtaining money under false pretenses. Supplementing this, paragraph 200a, Manual for Courts-Martial, United States, 1951, provides:

". . . . Any of the various acts denounced as larceny by Article 121 may be charged and proved under a specification alleging that the accused stole the property in question."

In explanation of obtaining property by false pretense, paragraph 200a, supra, provides:

"(5) . . . the false pretense may be made by means of any act, word, symbol, or token. The pretense must be in fact false when made and when the property is obtained, and it must be knowingly false in the sense that it is made without an honest belief in its truth. A false pretense is a false representation of past or existing fact. In addition to other kinds of facts, the fact falsely represented by a person may be his power or authority to effect a certain result, his opinion, or his intention. Consequently, one who represents that he presently intends to perform a certain act in the future, but who at the time of his representation does not honestly intend to perform the act, makes a false representation of an existing fact— his intention—and thus a false pretense. For example, a person makes such a false pretense by uttering a check made by him if at the time of the uttering he did not honestly intend to have sufficient funds in the bank available to meet payment of the check upon its presentment for payment in due course."

The two specifications of larceny in the instant case were predicated upon these provisions. Under the terms of the provision first above quoted, it is unnecessary to allege the false pretenses by which the property was obtained. However, to sustain its burden of proof, it is incumbent upon the prosecution to establish these pretenses beyond a reasonable doubt. We need not decide whether instructions relative to false pretenses should be given by law officers as a part of the elements of the offense charged. Neither are we required to decide whether the honest belief of the accused was fairly raised by the evidence as an affirmative defense. For reasons hereafter more fully explained, we shall assume that the testimony of the accused, coupled with the request of his counsel, necessitated additional instructions. See United States v. Day (No. 703), 2 USCMA 416, 9 CMR 46, decided April 30, 1953.

In this particular, paragraph 73c(2) of the Manual, supra, provides:

"If the law officer deems it necessary or desirable that the court be given additional instructions, he may recess the court so that he may have time to prepare such instructions; he may request counsel for both sides to furnish him with proposed additional instructions as to a particular issue in the case or as to any or all of the offenses charged. . . . The law officer may accept, reject, or modify any proposed instructions that is submitted, and may substitute instructions of his own or refuse to give any instructions on a matter included in a proposed instruction submitted by counsel. . . ."

Under these provisions, the necessity for giving additional instructions must be determined by the law officer initially, and this determination is based upon his sound discretion. When he determines that an issue requiring additional instructions is fairly raised by the evidence, he should clearly, fully, and fairly apprise the court of the law applicable thereto. Certainly necessity for making such a determination is presented when defense counsel requests a particular instruction. In this case, defense counsel requested the following instruction:

"1. You are instructed that if you find the accused cashed the checks described in Charge II believing he had sufficient funds on hand to pay them, you will find the accused not guilty of Charge II and its Specifications."

This request was directed to the first element of the offense, namely, the wrongful obtaining, and the final element, the intent permanently to deprive. The law officer denied the request, but conclusively indicated by reading that portion of paragraph 200a, relating to false pretenses, that he considered the "honest belief" of the accused fairly raised by the evidence. Consequently, whether "honest belief" be considered an essential element of the offense charged, or an affirmative defense, is of no importance in this case. The preliminary determination of the law officer gave rise to the necessity for further instructions on that issue. United States v. Ginn (No. 263), 1 USCMA 453, 4 CMR 45, decided July 10, 1952; United States v. Charles F. Simmons (No. 505), 1 USCMA 691, 5 CMR 119, decided September 26, 1952; United States v. Niolu (No. 1040), 2 USCMA 513, 10 CMR 11, decided May 14, 1953; United States v. Benders (No. 1512), 2 USCMA —, 10 CMR 118, decided June 12, 1953. Obviously, this determination aided the accused and may not be made the basis of any claim of error by the defense.

Paragraph 73c(2) of the Manual, provides that the law officer may modify any proposed instruction submitted. It necessarily follows that he is not required to instruct the court in the precise language proposed by counsel. The obligation to instruct being determined, the law officer is free to select that language which he considers most appropriate. This view is consistent with our previous decisions declaring that we must look to the instructions as a whole to determine whether the court was clearly, fully, and fairly instructed. United States v. Roman (No. 191), 1 USCMA 244, 2 CMR 150, decided March 19, 1952; United States v. Shepard (No. 343), 1 USCMA 487, 4 CMR 79, decided July 25, 1952; United States v. O'Briski (No. 1082), 2 USCMA 361, 8 CMR 161, decided March 30, 1953.

The instructions in the instant case fully described the subject of false pretense; and particularly and more aptly explained that phase of the case relating to the belief of the accused as to the sufficiency of funds available to meet the payment of the checks upon presentation. They included all that the defense requested, and more. Taken as a whole, therefore, the instructions clearly, fully, and fairly informed the court of the applicable legal standards. The obligation of the law officer was substantially complied with, and there was no error in refusing to instruct in the precise language of the request.

The decision of the board of review is affirmed.

Judge BROSMAN concurs.

Judge LATIMER concurs in the result.