UNITED STATES, Appellee

v

ROBERT D. McPHAIL, Staff Sergeant, U. S. Air Force, Appellant

10 USCMA 49, 27 CMR 123

No. 11,629

Decided November 21, 1958

Lieutenant Colonel Philip J. Williamson argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Robert O. Rollman, Lieutenant Colonel Ellis L. Gottlieb, and Major George M. Wilson.

Captain John W. Fahrney argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Robert W. Michels and Lieutenant Colonel John F. Hannigan.

ROBERT E. QUINN, Chief Judge:

Convicted by a general court-martial of two specifications of larceny and two specifications of burglary, in violation, respectively, of Articles 121 and 129, Uniform Code of Military Justice, 10 USC §§ 921, 929, the accused appealed to this Court for review. The question before us is the correctness of the law officer's instructions on the effect of evidence of good character.

The prosecution established that on two occasions, on different days and at different places, an unidentified person entered the private quarters of military personnel and stole certain sums of money. A few days later, the accused, who lived near the burglarized homes, was questioned by two air policemen, After advice as to his rights under Article 31, the accused gave them a full confession. The accused testified in relation to the admissibility of the confession but, in spite of his testimony and over his counsel's objection, the confession was admitted into evidence. The defense case-in-chief consisted of testimony of two witnesses to the effect that the accused had a good reputation for "truthfulness and honesty and being a law-abiding citizen."

After instructing on the elements of the offenses charged, the law officer advised the court-martial of some of the special principles of law applicable to the case. On this appeal, the defense contends that the italicized part of the following instruction on character evidence is erroneous and prejudicial:

"The defense in this case has introduced evidence of the accused's good character. The law recognizes that a person of good character is not as likely to commit an offense as is a person of bad character. Evidence of the good character, therefore, is admissible as tending to show that it is improbable that the accused committed the offenses charged. Considered and weighed alone, or in connection with the presumption of innocence and all the other evidence in the case, this evidence of accused's good character may be sufficient to cause a reasonable doubt to remain as to his guilt, thereby warranting an acquittal. On the other hand, the inference of innocence to be drawn from such evidence may be more than offset by other evidence in the case tending to establish the accused's guilt. As members of the court, the final determination as to the weight to be accorded this and all other evidence in the case rests solely with you, and I instruct you that *character evidence is never sufficient to overcome direct evidence of the happening of an event.*" [Emphasis supplied.]

Evidence of good character is admissible on behalf of an accused in connection with his guilt or innocence. Michelson v United States, 335 US 469, 93 L ed 168, 69 S Ct 213; United States v Browning, 1 USCMA 599, 5 CMR 27. The rule is based upon the assumption that a person who has followed an honest and upright course of conduct will not depart from it, and do an act inconsistent with it. Remsen v People, 43 NY 6. To the extent that it is believed and credited by the court-martial, character evidence alone may be sufficient to provide a reasonable doubt of guilt, despite the "convincing" nature of the other evidence and notwithstanding that the other evidence of guilt is direct rather than circumstantial. United States v Browning, supra; United States v Phillips, 3 USCMA 137, 11 CMR 137; Hayes v United States, 227 F2d 540 (CA 10th Cir) (1955). Consequently, it is error to instruct the court-martial in such a way as to depreciate the exculpatory significance of evidence of good character. United States v Johnson, 3 USCMA 709, 14 CMR 127. For example, it is improper to advise the jury that in cases "where the facts themselves establish either guilt or innocence, character is not admissible and cannot avail." Rowe v United States, 97 Fed 779 (CA 8th Cir) (1899). It is also error to instruct that evidence of good character is of value only "in conflicting cases." Edgington v United

States, 164 US 361, 41 L ed 467, 17 S Ct 72.

Appellate defense counsel contend that, in effect, the challenged instruction directed the court-martial to disregard the accused's character evidence in determining matters established by "direct evidence." Under this direction, they argue, the court-martial would necessarily ignore the evidence of the accused's good character, especially because the accused's pretrial statement, which was "an item of direct evidence," was before it. The difficulty with this argument is that it is predicated on only part of the contested instruction.

An instruction should be considered in its entirety. The instruction here does not end with the words "direct evidence"; it also refers to the "happening of an event." In addition, the controverted part should be read in connection with the preceding part which advised the court-martial that the other evidence in the case tending to establish guilt may "more than offset" the effect of character evidence and the presumption of innocence. Manifestly, an event which has occurred is fixed in time and place; it cannot be affected by character evidence. We considered a phase of this circumstance in United States v Dodge, 3 USCMA 158, 11 CMR 158. We there pointed out that "Once the crime is admitted, character evidence is of no effect." In other words, where a crime is established beyond a reasonable doubt on the basis of *all* the evidence, including that relating to the accused's character, the fact that the accused has proved he has a good character "should not alter or influence the verdict." Hughes v United States, 231 Fed 50, 53 (CA 5th Cir) (1916). Although ineptly expressed, this is the fair meaning of the complete instruction in this case.

The decision of the board of review is affirmed.

LATIMER, Judge (concurring in the result):

I concur in the result.

In determining the propriety or the prejudicial effect of a portion of an instruction, the language used should be considered within the four corners of the entire charge given to the court. As I interpret the instructions relevant to the issue under consideration, I find two separate concepts advanced. First, that character evidence alone may be sufficient to cause a reasonable doubt about accused's guilt of the crimes. Second, that such testimony is not sufficient to overcome the direct evidence of the happening of the events. When the two are applied to the facts of this case they do not appear improper or prejudicial. There was direct evidence of either four or five events depending upon whether the giving of a confession would be understood by the court as an event. For my purpose, I will assume the members would so construe the instruction. The other four events were two unlawful entries into private homes and two abstractions of money. All five were established beyond peradventure and the only issue was the identity of the culprit. All the character evidence the accused could produce would not discredit the testimony that the burglaries occurred; that the money was stolen; or, that he executed a written confession. What character testimony might do under these circumstances is raise a doubt that the accused was the culprit and that he confessed of his own free choice. Manifestly, then, the law officer did not weaken the principle supporting character evidence, namely, that a person who has a good character is not apt to sully it by committing a crime. The effect of character evidence runs in favor of the person on trial not being the offender. It does not militate against the commission of a crime by someone. I, therefore, concur with the Chief Judge in affirming the decision of the board of review.

FERGUSON, Judge (dissenting):

In the course of his instructions, the law officer advised the court-martial as follows:

"Gentlemen, due to the fact that the confession is the only thing that connects this accused with the commission of these crimes, if you do disre-

52

gard the confession, you must find him not guilty."

The law officer then continued his instructions, as quoted in the majority opinion, concluding:

". . . [A]nd I instruct you that character evidence is never sufficient to overcome direct evidence of the happening of an event." [Emphasis supplied.]

In his concurring opinion, Judge Latimer adopts the assumption that the phrase "the happening of an event" encompasses the giving of a confession.

The accused's pretrial confession was the only evidence introduced at trial which directly connected ▌ him with the burglaries charged. Its voluntariness was in issue. As I read the instruction, it advised the court-martial that because the questioned pretrial confession was before it and there was direct evidence as to its voluntariness, it was required to disregard the favorable character evidence introduced on behalf of the accused on the question of involuntariness. Certainly the question as to whether the confession was voluntary or involuntary was relevant as to "the happening of an event." (Emphasis supplied.)

I read the law otherwise. I have no difficulty in distinguishing United States v Dodge, 3 USCMA 158, 11 CMR 158, relied on by the principal opinion, as there the accused established no defense of merit as he confessed to the offense of which he was charged in open court. Such a circumstance is obviously not present in the case at bar.

In United States v Johnson, 3 USCMA 709, 14 CMR 127, we held that it constituted prejudicial error for the law officer to gratuitously destroy all effect of character evidence by instructing:

"'. . . The fact that the accused's character is good has no bearing on whether he took the suits or not, and has no bearing on the crime of larceny.'"

In United States v Browning, 1 USCMA 599, 5 CMR 27, this Court said:

". . . [C]ourts have repeatedly

held to be reversible error a refusal to charge the jury that evidence of good character alone may be sufficient to warrant acquittal, even though evidence of guilt may be convincing. Edgington v United States, 164 US 361, 41 L ed 467, 11 S Ct 72; Egan v United States, 287 F 958 (CA DC Cir); Jones v United States, 289 F 536 (CA DC Cir)."

We reiterated this principle in United States v Gagnon, 5 USCMA 619, 18 CMR 243, adding:

". . . Furthermore, it must be acknowledged that the specific character traits of honesty and reliability are particularly relevant where the offense alleged is larceny. Hawley v United States, 133 F2d 966, 972 (CA 10th Cir 1943); State v Ferguson, 222 Iowa 1148, 270 NW 874, 882 (1937)."

Federal authority to the effect that evidence of good character alone may create a reasonable doubt in the minds of the triers of facts in the teeth of otherwise convincing evidence is not lacking. See Edgington v United States, 164 US 361, 17 S Ct 72, 41 L ed 467; Greer v United States, 227 F2d 546 (CA 10th Cir) (1955); Hayes v United States, 227 F2d 540 (CA 10th Cir) (1955); Holland v United States, 245 F2d 341 (CA 5th Cir) (1957).

Admittedly, the law officer's instructions pertaining to the effect to be given to accused's good character were not requested by the defense in the instant case nor were further instructions upon the subject requested at the conclusion of the instructions. In United States v Schumacher, 2 USCMA 134, 7 CMR 10, we observed that there is no duty on the part of a law officer to give instructions on the effect of good character evidence on behalf of the accused in the absence of a request by counsel. However, we subsequently said, in United States v Beasley, 3 USCMA 111, 11 CMR 111:

". . . When he [i.e., the law officer] determines that an issue requiring additional instructions is fairly raised by the evidence, he should clearly, fully, and fairly ap-

53

prise the court of the law applicable thereto."

As was enunciated by the court in Miller v United States, 120 F2d 968 (CA 10th Cir) (1941):

". . . It may be conceded that the court was not bound to instruct on character testimony in the absence of a request for such an instruction, but when it did proceed to instruct the jury thereon, it was required to give a correct instruction."

Here, the law officer undertook to give such an instruction. In light of the authorities cited in this opinion, it is my considered conclusion that by advising the court-martial "that character evidence is never sufficient to overcome direct evidence of the happening of an event," he, in effect, misadvised it as to the law. The instruction did not permit the court-martial to consider the evidence of good character on the question as to whether the confession was voluntary or involuntary—and the answer to this question would determine whether there was evidence that the accused committed the crime.

I would reverse the decision of the board of review.