UNITED STATES, Appellee

v

CECIL A. BAYLOR, Lance Corporal,
U. S. Marine Corps, Appellant

16 USCMA 502, 37 CMR 122

No. 19,690

February 3, 1967

*Lieutenant Warren K. Morgens*, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Commander George E. Goodwin*, USN.

*Commander Walter F. Brown*, USN, argued the cause for Appellee, United States. With him on the brief was *Colonel J. E. Hanthorn*, USMC.

## Opinion of the Court

QUINN, Chief Judge:

The accused contends he was prejudiced by the law officer's failure to give a requested instruction, which he had previously agreed to give.

A paper bag containing a small amount of marihuana was discovered in the accused's locked wall locker. In due course, he was charged with unlawful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. At trial, he testified he had never before seen the bag. He further testified he did not know how the marihuana got into his locker; but in an attempt to account for its presence, he testified he frequently left the locker open. When all the testimony was in, the law officer held an out-of-court hearing to consider appropriate instructions. He indicated he intended to instruct on the sufficiency of the circumstantial evidence to establish the accused's knowledge of the presence of marihuana. At that point, the following discussion took place:

"DC: Well, if the Law Officer is giving instructions as to the Accused's Lack of Knowledge in this case, this is 104 of the AIR FORCE MANUAL INSTRUCTION GUIDE . . .

"LO: I will give that. Do you have any—do you have any objection to giving that instruction, Lieutenant?

"TC: May I see it, sir?

"DC: I have a copy here.

"TC: I have no objections, sir.

"LO: I will give it."

Apparently, the law officer forgot the out-of-court colloquy; and defense counsel did not remind him of, or again refer to, his request for the Air

502

Force Manual instruction. In any event, the requested instruction, which appears at page 104, Air Force Manual 110–5, June 12, 1959, Court-Martial Instructions Guide, was not given.[1] Other instructions, however, were given on the subject of the accused's knowledge that marihuana was in his locker. These deal with the matter differently from the model instruction in the Air Force Manual. The most important difference is that the Air Force Manual instruction treats lack of knowledge "as a defense," whereas the law officer instructed that knowledge was "an essential element of the offense charged."

Certain offenses can be committed only if the accused possesses knowledge of the existence of a specific fact. Sometimes, the definition of such an offense makes it questionable whether knowledge of the fact is an essential ingredient of the offense or whether lack of knowledge of the fact is a defense. From the standpoint of instructing the court-martial on the legal effect of knowledge of the particular fact, or the lack thereof, it may be unnecessary to classify knowledge as an essential element or the lack of knowledge as a defense. United States v Goins, 15 USCMA 175, 35 CMR 147. We considered this circumstance in connection with a prosecution for wrongful possession of marihuana in United States v Hughes, 5 USCMA 374, 17 CMR 374. After examining the nature of the offense, we held that if the matter is submitted to the court-martial in such terms as to indicate clearly it must be convinced beyond a reasonable doubt that the accused knew he possessed marihuana, it makes no difference whether the instructions describe the required knowledge as an element of the offense or denominate the lack of knowledge as a defense.

Having accepted the defense request to submit the question of knowledge as a defense to the charge, the law officer should have instructed in that form. His failure to do so, however, does not necessarily constitute error. Instructions on appropriate issues need not be given in the form requested by defense counsel. The law officer can use his own language; and it is sufficient if the instructions fairly and adequately cover the substance of the instructions requested by counsel. United States v Beasley, 3 USCMA 111, 113, 11 CMR 111; Berenbeim v United States, 164 F2d 679 (CA 10th Cir) (1947), certiorari denied, 333 US 827, 92 L ed 1113, 68 S Ct 454 (1948). As noted earlier, the law officer instructed the court-martial that knowledge by the accused of the presence of marihuana in his locker was "an essential element of the offense charged." He also instructed the court-martial it must find that the accused's knowledge was "not only of the presence of the substance, but also, of . . . [its] narcotic nature." Finally, he advised the court members that they must be convinced beyond a reasonable doubt of the accused's guilt, and that requirement extended "to every essential element of the offense." We are satisfied these instructions made it plain to the court-martial it had to find the ac-

---

[1] The sample instruction is as follows:

"The defense has introduced evidence to show that at the time of the alleged offense the accused was honestly [ignorant of the fact that he possessed (marihuana) (a narcotic drug)] [under the mistaken belief that the substance he possessed was ———]. With respect to this evidence, the court is advised that if the accused honestly was laboring under such (ignorance) (mistake), he cannot be found guilty of the offense of possession of (marihuana) (a habit forming narcotic drug) for the law recognizes this as a defense. The burden is on the prosecution to establish the accused's guilt beyond reasonable doubt; consequently, unless you are satisfied beyond a reasonable doubt that the accused was not honestly [in ignorance of the fact that the substance possessed was (marihuana) (a narcotic drug)] [under the mistaken belief that the substance was ———] you must acquit the accused."

cused not guilty, if it was not convinced beyond a reasonable doubt that the accused had knowledge of the presence of marihuana in his locker. This is all the law requires on the subject. United States v Hughes, supra.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

KILDAY, Judge (concurring):

I concur.

I agree with the general proposition as expressed in the Chief Judge's opinion, and previously adopted by this Court, that instructions on appropriate issues need not be given in the precise form requested by counsel and that in most cases it is sufficient if the instructions as given fairly and adequately cover the substance of the instructions requested. The case at bar appears to come within this category.

I am concerned, however, over the precise situation portrayed in this case; one which we have noted recently with increasing frequency. When a law officer has agreed to give a particularized instruction, counsel should be able to rely upon this assurance and not be required to remind the law officer of his commitment. The giving of the instruction is of special importance when, as here, it is an affirmative defense and is of the essence of the defendant's position.

Had the law officer in this case not so clearly informed the court of its obligation with reference to the question of knowledge, I would look with less than favor on his lapse. Future cases of this nature will bear my searching examination.

I am authorized to state that Judge Ferguson agrees with these observations.