UNITED STATES, Appellee

v

WALTER L. MASON, Private E-2, U. S. Army, Appellant

8 USCMA 329, 24 CMR 139

No. 9726

Decided October 25, 1957

*Major Frank C. Stetson* argued the cause for Appellant, Accused.

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question on this appeal is whether the law officer erred to the prejudice of the accused by denying a defense request for an instruction on circumstantial evidence.

At the accused's trial before a general court-martial for larceny the prosecution established that a Sergeant Ray shared a room with the accused. The sergeant kept a camera in his wall locker which he did not always lock. He last saw his camera on either August 26 or August 27, 1956. On September 1

he discovered that the camera was missing. He notified the first sergeant. An inspection of the effects of the company personnel did not uncover it. It was also shown that on the morning of August 26 the accused gave the camera to his girl friend. He told her that he had bought it from another soldier. Two days later, without his knowledge, she pawned it at a local pawn shop. On September 1, the day of the "shake down" inspection, she received a telephone call from the accused. He informed her that he had been told "by another soldier" that the camera had been stolen.

In his closing argument defense counsel said that the defense had not believed it was necessary to "do anything" because the prosecution's case was based on circumstantial evidence. He contended that such a case requires proof which excludes "every reasonable hypothesis of innocence" and that that standard is "considerably stronger than the usual" requirement of proof "beyond a reasonable doubt." He further argued that the evidence presented by the prosecution established· a reasonable hypothesis of innocence, namely, that the accused had "just bought" the camera from the thief. This hypothesis "practically proved" the defense case, and a verdict of not guilty was required.

For his final argument trial counsel disputed defense counsel's statement of the "law in this case." He maintained that, contrary to defense counsel's argument, the case was not based "solely" on circumstantial evidence. At the conclusion of this argument, defense counsel again requested "an instruction on circumstantial evidence." The request was denied with leave to "restate" it after the instructions.

Nothing in the law officer's instructions referred to the defense counsel's remarks on circumstantial evidence. The law officer first advised the court members that it was his duty to instruct them on the law applicable to the case and it was their duty to apply the law to the facts found by them. He then instructed on the elements of the offense and made several comments on circumstantial evidence. The latter are as follows:

"With respect to the accused's intent, you are advised that intent ordinarily cannot be proved by direct evidence unless, for example, the accused has been overheard to make a statement of his intent. However, intent may be proved by circumstantial evidence, that is, by facts and circumstances from which, alone or in connection with other facts, you may, according to the common experience of mankind, reasonably infer the existence of an intent. The weight, if any, to be given an inference of the accused's intent must of course depend on the circumstances attending the proved facts which give rise to the inference, as well as other evidence in the case.

"Proof that a person was in possession of recently stolen property raises a presumption that he stole it, and, if it is shown that the property was stolen from a certain place at a certain time and under certain circumstances, that he stole it from such a place at such a time and under such circumstances. The word 'presumption' means no more than a 'justifiable inference'. In this sense, a presumption is nothing more than a well recognized example of circumstantial evidence, and the weight or effect· of such a presumption should be measured only in terms of logical value. The weight to be given to a presumption of this kind will depend upon all the circumstances attending the proven facts which give rise to the inference to be drawn from the facts. In making and weighing presumptions, and in considering evidence introduced in rebuttal thereof, members of the court must apply their common sense and their general knowledge of human nature and the ordinary affairs of life."

At this point the law officer invited requests for further instructions from counsel. Defense counsel renewed his request for an instruction on circumstantial evidence. Two reasons were offered in support: (1) That the theory of unexplained possession of recently stolen property was "worthless" in this case because the prosecution's own wit-

ness provided the accused's explanation, and (2) that paragraph 138b of the Manual for Courts-Martial distinguished between direct and circumstantial evidence. Trial counsel conceded that there was "some circumstantial evidence in this case" but argued that the Government's case was not based only on circumstantial evidence "as required by the circumstantial evidence rule."

Again the law officer denied the requested instruction. He advised the court members that if, in their deliberation on the findings, they wished to consider a lesser included offense they should open and request his advice on whether such an offense was actually included. He further instructed them that the accused must be presumed innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt; that if there is reasonable doubt as to the accused's guilt that doubt should be resolved in his favor and he should be acquitted; that if there is a reasonable doubt as to the degree of guilt the finding must be in a lesser degree as to which there is no reasonable doubt; and finally that the Government had the burden of establishing the accused's guilt beyond a reasonable doubt.

On this appeal the accused contends that the denial of his request for an instruction on circumstantial evidence prejudiced him as to a substantial right. This contention is based in part on paragraph 74a of the Manual for Courts-Martial which in pertinent part reads as follows:

"In order to convict of an offense the court must be satisfied beyond a reasonable doubt that the accused is guilty thereof. . . . The meaning of the rule is that the proof must be such as to exclude not every hypothesis or possibility of innocence but any fair and rational hypothesis except that of guilt; what is required is not an absolute or mathematical certainty but a moral certainty.

"A reasonable doubt may arise from the insufficiency of circumstantial evidence, and such insufficiency may be with respect either to the evidence of the circumstances themselves or to the strength of the inferences drawn from them. When the only competent evidence of the commission of an offense is circumstantial in nature, the inference to be drawn from such evidence must not only prove all the elements of the offense, but must at the same time exclude every reasonable hypothesis of innocence."

The Manual does not promulgate the measure of proof required to establish the guilt of the accused. ██ Rather it simply represents a discussion of the standard of proof which obtains in the Federal criminal courts and which is embodied in the Uniform Code of Military Justice, that is, that the accused's guilt must be established beyond a reasonable doubt. Article 51, Uniform Code of Military Justice, 10 USC § 851. In that regard there is no difference between a case based upon direct evidence and one predicated upon circumstantial evidence. As the United States Supreme Court said in Holland v United States, 348 US 121, 140, 99 L ed 150, 75 S Ct 127 (1954), "If the jury is convinced beyond a reasonable doubt, we can require no more." Manifestly the accused's counsel was wrong in contending that a "stronger" standard of proof is required in a circumstantial evidence situation than in a direct evidence case. However, counsel's mistaken idea of the law does not forfeit the right of the accused to the requested instruction. It is sufficient if the request puts the law officer on notice as to the principles of law deemed important to the accused's defense. United States v Phillips, 3 USCMA 137, 11 CMR 137.

Before the Holland case was decided by the Supreme Court many Federal courts, in a circumstantial evidence case, defined circumstantial evidence for the jury "in time-honored terms that it must be consistent with guilt and inconsistent with any other hypothesis." Holland v United States, 209 F 2d 516, 523 (CA 10th Cir) (1954). It is not surprising, therefore, that this definition is set out in the Manual's

discussion on the degree of proof required for conviction. The Supreme Court however held that a separate instruction on circumstantial evidence can be confusing and incorrect "where the jury is properly instructed on the standards for reasonable doubt." Holland v United States, supra, at page 139. Stated differently, the problem is whether the instructions as a whole "correctly conveyed the concept of reasonable doubt to the jury." Ibid., page 140. See also United States v Hatchett, 2 USCMA 482, 488, 9 CMR 112. Cf. United States v Noe, 7 USCMA 408, 22 CMR 198.

The defense rested its case on the accused's statement to his girl friend that he had purchased the camera and his telephone call to her several days later to inform her that he had learned that the camera was stolen property. The accused did not have to prove the truth of these statements; it was sufficient that they raised a reasonable doubt that he was the thief. United States v Noe, supra, page 10. Consequently it was important that the court members be instructed "on the standards for reasonable doubt." Defense counsel's requested instruction suggested that the law officer use the "time-honored terms" associated with circumstantial evidence in defining the requirements of reasonable doubt. The law officer, of course, was not required to instruct in those terms, but upon request to provide the court members with an adequate standard, he was bound to give them a meaningful definition. United States v Offley, 3 USCMA 276, 12 CMR 32.

Instead of providing an adequate definition, the law officer limited himself to the statement that the accused's guilt must be established beyond a reasonable doubt. Even this instruction was confused by that on the degree of guilt. No lesser offense was presented to the court-martial as an alternative to that charged. On the contrary, the court was improperly instructed to determine for itself whether it wanted "to consider any other offense as a lesser included offense." See United States v Floyd, 2 USCMA 183, 188, 7 CMR 59. None of the instructions concerning inferences that could be drawn from the evidence are related to the standards of reasonable doubt.[1] Taken as a whole, therefore, the instructions are prejudicially inadequate.

The decision of the board of review is reversed. The finding of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

In United States v Offley, 3 USCMA 276, 12 CMR 32, a majority of the Court held that there was a duty on a law officer to define the words reasonable doubt when requested to do so by the defense. The instant case is an extension of that rule, and the principle announced places the law officer in a situation where he must define the term when the defense has put him on notice that such an instruction is not wanted. Defense counsel in the case at bar insisted that the burden of proof on the Government in a circumstantial evidence case was greater than in an offense established by direct proof. He, therefore, requested an instruction on his theory. It should be obvious that had the law officer used the reasonable doubt test and defined those words, his instructions would have been contrary to defense counsel's contention. I thought the Court went too far in imposing a duty on the law officer when a request was made. A fortiori I must disagree with my associates when they hold the definition must be given over the protests of the defense.

---

[1] We are also troubled by the instruction on the effect of the exclusive possession of recently stolen property. It confuses a "justifiable inference" with a presumption. See United States v Ball, 8 USCMA 25, 23 CMR 249. As a result, it can be argued that the court members might not have understood that they had to consider the accused's explanation, or that, in any event, they could refuse to draw the inference. See United States v Johnson, 3 USCMA 447, 13 CMR 3. We need not, however, reach that issue.