UNITED STATES, Appellee

v

ARNOLD S. SCALES, Specialist Third Class,
U. S. Army, Appellant

10 USCMA 326, 27 CMR 400

No. 12,347

Decided April 3, 1959

*Lieutenant Colonel W. H. Blackmarr* argued the cause for Appellant, Accused.

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant Allen I. Saeks.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Two issues are presented on this appeal from a conviction for sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. One concerns the sufficiency of the evidence to support the findings of guilty; the other relates to an instruction by the law officer on accomplice testimony.

As far as sufficiency is concerned, a Government witness testified that "sometime in September" he and the accused engaged in the offense charged, and that the accused paid him $5. The accused denied participation in the act.

In the military, as in the Federal criminal courts, a conviction can be had on the uncorroborated testimony of an accomplice, if the testimony is not "self-contradictory, uncertain, or improbable." Manual for Courts-Martial, United States, 1951, paragraph 153a, page 289; United States v Allums, 5 USCMA 435, 438, 18 CMR 59; United States v Carengella, 198 F2d 3, 7 (CA 7th Cir) (1952); United States v Wilson, 154 F2d 802 (CA 2d Cir) (1946). The accused, however, con-

tends that the accomplice's testimony in this case is "inconceivable."

The principal basis for the defense contention is the interval of time between the act and the date of a statement about the offense given by the witness to an agent of the Criminal Investigations Detachment. The witness testified that the act occurred in September; on October 3, he was questioned by the agent. According to the evidence, the witness joined the unit on September 9 and the accused left for the hospital on September 30. Hence, if the offense was committed, it was committed sometime in that period. And, thus, a period of from one to three weeks elapsed between the act and the statement. Apparently, the witness told the agent he did not recall the date of the act. It is argued that it is "inconceivable" anyone could forget the date of so reprehensible an act so soon after participation in it; consequently, the argument continues, the witness demonstrated he is entirely unworthy of belief. The witness admitted on cross-examination he was questioned by the agent, but there is no specific indication in the evidence of the date

**327**

of any statement by him to the agent. Among the allied papers is a written statement by the witness, dated in October, but since the statement was not admitted into evidence at the trial it is not properly part of the record before us. See United States v Duffy, 3 USCMA 20, 11 CMR 20; cf. United States v Albright, 9 USCMA 628, 631, 26 CMR 408. But even if it is part of the record, it does not prove that the witness's testimony is incredible.

At the trial the witness steadfastly maintained he knew the incident had "happened in September." He also testified that at the Article 32 investigation, he had said he did not remember if the event took place in September "because . . . [he] was mixed up." A further discrepancy about the source of a word, which was brought out on cross-examination, was attributed by the witness to the fact that he was "not thinking before . . . [he] answered." Finally, the witness admitted he had been given a grant of immunity and he would go "scot-free."

Neither the grant of immunity nor the inconsistencies noted stamp the accomplice's testimony as unbelievable as a matter of law. The court-martial heard the witness and the accused. It also heard another Government witness testify without objection that on another occasion the accused had suggested certain intimacies and offered the witness "$5 or $10." And it received evidence to the effect that the accomplice had joined the organization on September 9; whereas, the accused testified the witness had come "into the company sometime during the third week of September," while on "the fourth week of September" he (the accused) went to the hospital so he did not have "have the right to know too much about [the witness]." It was for the court-martial to determine the credibility of the witnesses and to accept or reject so much of the testimony of each as it saw fit. United States v Albright, supra, page 631. Apparently, it believed the Government witness and disbelieved the accused. The evidence in the record of trial is sufficient to support its findings of guilty. United

States v Polak, 10 USCMA 13, 27 CMR 87.

For his second allegation of error, the accused contends the law officer erred in his instructions. The law officer instructed the court that "the uncorroborated testimony of an accomplice, even though apparently credible, is of doubtful integrity and is to be considered with great caution." However, despite a request by defense counsel, he did not advise the court-martial that a conviction cannot be based upon the "uncorroborated testimony of a purported accomplice . . . if such testimony is self-contradictory, uncertain, or improbable." See Manual for Courts-Martial, supra, paragraph 153a.

Some states, by statute, require the trial judge to instruct the jury on the necessity of corroboration, as part of an instruction on accomplice testimony. See Young v State, 212 Miss 460, 54 So 2d 671; People v Buffum, 40 Cal 2d 709, 256 P2d 317; People v Ellis, 137 Cal App 2d 408, 290 P2d 266. The Federal courts are apparently divided on the necessity for a separate general instruction on accomplice testimony. See United States v Bey, 4 USCMA 665, 16 CMR 239. Also, it appears that if a cautionary instruction is given, it need not include the statement on corroboration. See Stillman v United States, 177 F2d 607 (CA 9th Cir) (1949); United States v Carengella, supra; United States v Cipullo, 170 F2d 311 (CA2d Cir) (1948). This Court has held it is error to refuse to give a cautionary instruction on accomplice testimony when requested by the defense. United States v Bey, supra. However, we reserved decision on whether the accomplice instruction must include advice on corroboration if the court determines that the testimony of the accomplice is self-contradictory, uncertain, or improbable. United States v Allums, supra. It is unnecessary to reach the question here.

There were only two witnesses to the offense in issue—the accused, and the pathic. The law officer instructed the court that a "willing participant" in an act of sodomy is an accomplice. In addition to the instructions noted above, he advised the court as follows:

"The court is further advised that the credibility of a witness is his worthiness of belief. The court ordinarily may draw its own conclusions as to the credibility of a witness and attach such weight to his evidence as his credibility may warrant. However, there are cases in which the court would be justified in attaching no weight at all to the testimony of a witness, or in which the court would not be warranted in accepting certain testimony as sufficient to establish the guilt of an accused. *For example, a conviction cannot be sustained solely on the self-contradictory testimony of a particular witness if the contradiction is not adequately explained by the witness in his testimony.*"

In our opinion, the instruction as a whole, considered in the light of the issues presented, was sufficient to alert the court-martial to the necessity of corroboration if it considered the testimony against the accused to be self-contradictory, uncertain, or improbable. Since the matter of corroboration was satisfactorily embraced in the instructions, it was not error to refuse to instruct in the language requested by the defense. United States v Beasley, 3 USCMA 111, 11 CMR 111.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.