UNITED STATES, Appellant

v

LARRY D. BETHEA, Private First Class, U. S. Army, Appellee

22 USCMA 223, 46 CMR 223

No. 26,350

April 6, 1973

*Lieutenant Colonel Ronald M. Holdaway* argued the cause for Appellant, United States. With him on the pleadings was *Captain Richard L. Menson.*

*Captain Lawrence I. Wagner* argued the cause for Appellee, Accused.

With him on the brief were *Colonel Arnold I. Melnick,* and *Captain Barry K. Duwe.*

## Opinion of the Court

DUNCAN, Judge:

The Judge Advocate General of the Army certified to us the following question:

Was the Court of Military Review correct in considering, on the merits, extrajudicial hearsay matters that were neither brought up in the trial itself nor considered by the convening authority in his action?

The certified question is answered in the negative. The testimony adduced at trial reflected that Private First Class Bethea shot both his company commander and first sergeant, and then twice shot at the unit commander's driver, Private Rodriguez. Contrary to his pleas he was convicted of three specifications of assault with intent to murder, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The convening authority approved a sentence of dishonorable discharge, total forfeitures, reduction to Private E–1, and confinement for 30 years.

The Court of Military Review affirmed the finding with respect to the specifications involving the company commander and first sergeant, reduced the finding concerning the specification involving Rodriguez to assault with a dangerous weapon, in violation of Article 128, UCMJ, 10 USC § 928, and reduced the period of confinement to 22 years.

Rodriguez, testifying at trial, stated that the appellant fired two shots at him from 10 to 12 feet away. One shot went over his head and one hit the ground about a foot from his left side. He also stated that he did not think the appellant shot to kill him, but that Bethea was "trying to warn me, or telling me . . . to stay out of the way."

The Court of Military Review opined that "[t]he evidence of record leaves some doubt as to the guilt of appellant as to the specification alleging he assaulted the unit driver . . . with the intent to murder him." Speaking of the trial evidence that court stated: "With the evidence in this posture we would have little difficulty affirming the conviction." The review of the remainder of the file, however, caused the Court of Military Review concern over the accuracy and retentiveness of the witness' memory. The court referred to a statement not in evidence but a part of the pretrial investigation wherein Rodriguez stated that one round went over his head and one hit the ground on his left side about 3 feet away. Finding inconsistency, the court also looked to a statement made by Rodriguez on the date of the incident wherein he stated both shots went over his head. This statement was not admitted in evidence. The court thereafter found the appellant guilty of the lesser included offense mentioned above.

■ Article 66(c), UCMJ, 10 USC § 866, limits the Court of Military Review to action "on the basis of the *entire record*" and in "considering the record . . . recognizing that the *trial court saw and heard the witnesses*" (emphasis added).

In dealing with the power of the board of review pursuant to the then Article 66(c) which, as pertinent here, presently has the same language,[1] this

---

[1] Article 66(c) reads as follows:

In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part of amount of the sentence, as it finds correct in law and fact and de-termines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

Court has had occasion to define the words "entire record"; Judge Quinn stated in United States v Lanford, 6 USCMA 371, 379, 20 CMR 87, 95 (1955):

The accused argues that the "entire record" means merely the evidence adduced at the trial. In support of his contention, he relies upon United States v Duffy, 3 USCMA 20, 11 CMR 20 [1953]. In that case, this Court held that the accused's conviction could not be sustained by the reviewing authority on the basis of evidence contained in the allied papers, but not presented at the trial. See also United States v Whitman, 3 USCMA 179, 11 CMR 179 [1953]. Undeniably, evidence not presented at the trial cannot be used to support or reverse a conviction. Both the accused and the Government are entitled to challenge the admissibility of the evidence according to accepted rules of law; and each has a right to test the trustworthiness and the probative value of proffered evidence by cross-examination, and by other evidence. Different considerations apply to the sentence.

It is further stated at 381, 20 CMR 97:

And, in our opinion, Congress intended that result. Consequently, we hold that, under Article 66, a board of review is authorized to review as part of the "entire record" a statement of the matters considered by the convening authority in his action on the sentence. This statement may be included in the post-trial review of the convening authority's legal officer, or in his own action, or even in a separate statement included with the allied papers.

See also United States v Crider, 21 USCMA 193, 44 CMR 247 (1972); United States v Scales, 10 USCMA 326, 27 CMR 400 (1959); United States v Whitman, 3 USCMA 179, 11 CMR 179 (1953); United States v Lancaster, 31 CMR 330 (ABR 1961).

We believe the opinion of Judge Quinn in *Lanford* to be correct, and that it aptly limits the review of the guilt or innocence of an accused to the evidence presented at trial.

Herein, the resort to matters not produced at trial served to benefit the appellant. Nevertheless, we believe that the makers of the law intended that factual determinations germane to a finding on the merits should be based on evidence that has been exposed to cross-examination or the right to cross-examine.

■ Reading the record we wonder why defense counsel did not obtain or attempt to introduce into evidence the inconsistent pretrial statements referred to by the Court of Military Review. Considering that failure and carefully reviewing the total trial record, we cannot say that the appellant did not receive effective assistance of counsel.

Accordingly, the record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for a review of the findings of guilty based only upon the evidence adduced at trial, and further proceedings authorized by law.

Chief Judge DARDEN and Judge QUINN concur.