UNITED STATES

v.

**Airman Basic Ralph A. MOORE, FR 517–90–6306 United States Air Force.**

ACM S24770.

U. S. Air Force Court of Military Review.

28 Jan. 1980.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel James P. Porter and Captain James R. Van Orsdol.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

## DECISION

POWELL, Judge:

Tried by special court-martial, with members, the accused was convicted, despite his pleas, of possession, transfer and use of amphetamines and attempted possession, possession and use (two specifications) of marijuana in hashish form, violations of Articles 92, 80 and 134, Uniform Code of Military Justice, 10 U.S.C.A. §§ 880, 892, 934. He was convicted, in accordance with his pleas, of absence without leave in violation of Article 86, Code, 10 U.S.C.A. § 886, *supra*. The adjudged and approved sentence was bad conduct discharge, confinement at hard labor for three months and forfeiture of $279.00 per month for three months.

Appellate defense counsel assert eight assignments of error. We discuss three, and those remaining are resolved adversely to the accused.

First, we consider a contention that the evidence as to one specification alleging use of marijuana, Specification 4 of Charge II, is insufficient to establish guilt beyond a reasonable doubt. Appellate government counsel agree with the defense's position and we concur. The finding as to the specification will be set aside and the specification ordered dismissed.

The two remaining assignments of error we address are both related to the matter of accomplice testimony and will be combined for discussion.

The military judge gave an abbreviated instruction on the subject of accomplice testimony which he limited in application to two offenses: possession of 410 grams of marijuana (Specification 1 of Charge II) and attempted possession of 80 grams of marijuana (Specification of the Additional Charge). Following these instructions, the military judge denied a defense request to make the same accomplice instructions applicable to other offenses, specifically, the possession and use of amphetamines (Specifications 1 and 3 of Charge I) and the

possession and use of marijuana (Specifications 2, 3 and 4 of Charge II).

Appellate defense counsel assert that the military judge's instructions were inadequate in that they did not include a full explanation of the court's consideration of accomplice testimony and the requirement of independent evidence of corroboration. They additionally contend that the military judge incorrectly determined that the witness was not an accomplice as to the other offenses and erred in denying the request to make the instructions applicable to these offenses. We agree with both contentions.

The Government's evidence against the accused on the contested specifications consisted principally of the testimony of an Airman Dant. The witness testified generally that he and the accused had on various occasions during the period of 1 September 1978 to 15 October 1978 used amphetamines and smoked hashish together (Specification 2, Charge II). He related that the hashish they used was supplied by one or the other depending upon who possessed the hashish at any particular time. On or about 4 October 1978, they made a purchase of amphetamines from the same supplier (Specification 1, Charge I) and each was provided a "line of amphetamine" by the supplier which they used at that time (Specification 3, Charge I).

In September, Airman Dant became the supplier of hashish for a group consisting of himself, the accused and two other airmen stationed at Spangdahlem Air Base, Germany. He recounted two instances in which he was provided funds by the group with which to purchase hashish. On one occasion, 2 October 1978, he obtained the hashish at Frankfurt, Germany. Notes indicating some of the details of this transaction were made on an envelope and retained by the witness. He interpreted this memorandum as reflecting that 410 grams of hashish were to go to a person name as "Dube" who was the accused.[1] The second occasion was 14 October 1978 when Airman

---

1. Under Specification 1 of Charge II, the accused was charged with and acquitted of possession of 410 grams of hashish on 2 October 1978.

Dant was to conclude a drug deal for the group by procuring hashish from Holland. On his return to Germany, he was stopped at the border and searched by German customs officials. When, 1,125 grams of hashish were found, he was apprehended and ultimately identified to appropriate Air Force Office of Special Investigations (OSI) agents. Another memorandum reflecting some computations in this transaction was identified by the witness who explained that the accused was to receive 80 grams of hashish as a result of this purchase (Specification of the Additional Charge).

Initially, upon detection, Airman Dant did not wish to assist the OSI. He was concerned about the confiscation of the hashish and, believing he would be the subject of an investigation by the OSI, requested the accused to take the two memoranda pertaining to the transactions. The accused agreed and Airman Dant placed them in the accused's barracks room at a time when the accused was absent. Later that same day, Airman Dant went to the OSI, disclosed his participation in various drug offenses, and related that the memoranda were being retained by the accused in the latter's room. At trial, he identified them, and they were admitted into evidence as prosecution exhibits.

On cross-examination, Airman Dant's credibility was extensively attacked. In addition to the various drug offenses admitted in his direct testimony, the witness admitted to frequent use, possession and sale of drugs in high school, including the use of PCP; use, possession and transfer of amphetamines at his Air Force technical training school; and use of heroin since his assignment to Spangdahlem Air Base. He stated his testimony had been rehearsed and that during a previous Article 32 investigation hearing he had lied while under oath concerning his pre-service drug usage. While he had not been granted immunity in exchange for his testimony and cooperation, no actions had been taken against him and none were pending. He was desirous that his statements might lessen his sentence or any action to be taken against him.

The only other witness called by the prosecution on findings was an OSI agent. He testified that he obtained authority to search the accused's room where he discovered and seized the memoranda which were admitted into evidence.

 The law on accomplice testimony is well settled. A conviction cannot be based upon uncorroborated testimony given by an accomplice in a trial for any offense if the testimony is self-contradictory, uncertain, or improbable. Even if apparently corroborated and apparently credible, testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution. When appropriate, these rules should, upon request by the defense, be included in the general instructions of the military judge. Manual for Courts-Martial, 1969 (Rev.), paragraph 153a; *United States v. Moore*, 2 M.J. 749 (A.F.C.M.R.1977); *United States v. Baker*, 2 M.J. 360 (A.F.C.M.R.1977). An instruction is required, in the absence of a request, if the accomplice's testimony is of "pivotal importance" to the Government's case and the witness' credibility is seriously attacked. *United States v. Gilliam*, 23 U.S. C.M.A. 4, 48 C.M.R. 260 (1974); *United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966); and *United States v. Stephen*, 15 U.S.C.M.A. 314, 35 C.M.R. 286 (1965). This court has adopted the definition of corroboration that requires that the corroborative evidence be independent of the accomplice's testimony and connect the accused with the commission of the offense. *United States v. Wilson*, 2 M.J. 683 (A.F.C. M.R.1976). Further, a witness may be considered to be an accomplice if he was culpably involved in the commission of the offense with the accused. *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963).

The military judge informed the trial defense counsel that he would not give the portion of the standard instruction [2] which

---

2. Air Force Manual 111-2, Court-Martial Instructions Guide, paragraph 6-2, 15 October 1971.

dealt with the matter of corroboration. This election was predicated upon either his finding or opinion that the witness' testimony was not self-contradictory, uncertain, or improbable; or that his testimony was corroborated; or both.

 We find that the corroboration requirement is not satisfied by the evidence presented in this case. Airman Dant's testimony was the sole source of evidence implicating the accused. The only other evidence consisted of the two memoranda; the hashish taken from the witness at the German border; and a stipulation of fact setting forth the circumstances of that 14 October 1978 incident. Clearly, the latter two items of evidence do not connect the accused with the offenses. As to the memoranda, we are of the opinion that they cannot be considered as evidence which is independent of the accomplice's testimony. Airman Dant testified that while the accused had agreed to keep the memoranda, Dant actually placed them in the accused's room without the accused's knowledge. The interpretation of the words and figures appearing on them and the fact that "Dube" was a name for the accused was only supplied by the witness.

Airman Dant's description of the accused's participation with him in the possession and use of drugs and marijuana was such that it could reasonably be concluded that he was culpably involved in the same offenses. *United States v. Scoles, supra.* Much more than mere presence at the time and place of the commission of the offenses is indicated by the evidence. The staff judge advocate in his review for the officer exercising general court-martial jurisdiction concluded that it was error to not treat the witness as an accomplice as to these offenses and instruct the court on this matter as requested by the trial defense counsel, but found that the error was not prejudicial.

We conclude that, under the circumstances of this case, the accused was entitled to comprehensive accomplice testimony instructions, made applicable to the various offenses as requested by the defense, which would permit the court to deliberate properly on the accused's guilt or innocence.[3] The failure to do so prejudiced the accused.

For the reasons stated, the findings of guilty of Specifications 1 and 3 of Charge I; Specifications 2, 3 and 4 of Charge II and Charge II; and the Specification of the Additional Charge and the Additional Charge; are set aside and, in the interest of justice, ordered dismissed. We have reassessed the sentence based on the remaining findings of guilty and find only so much thereof as provides for confinement at hard labor for three months and forfeiture of $279.00 per month for three months to be appropriate.

The findings of guilty of Specification 2 of Charge I and Charge I, and the Specification of Charge III and Charge III, and the sentence, as modified herein, are

AFFIRMED.

EARLY, Chief Judge, and ARROWOOD, Judge, concur.

---

**3.** See *United States v. Moore, supra,* footnote 2, at 754.