UNITED STATES, Appellee,

v.

Gerald D. GAY, Jr., Private, U.S. Army, Appellant.

No. 44,046.

SPCM 16529.

U.S. Court of Military Appeals.

Nov. 21, 1983.

For Appellant: *Captain James A. McAtamney* (argued); *Major Patrick F. Crow, Captain John D. Martin* (on brief); *Colonel William G. Eckhardt, Captain Bernard P. Ingold.*

For Appellee: *Captain Richard G. Mann, Jr.* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth, Captain Gary L. Hoffman* (on brief); *Colonel James Kucera.*

*Opinion of the Court*

EVERETT, Chief Judge:

A special court-martial with members tried appellant on charges alleging that on January 16, 1981, he conspired to sell hashish; on January 19, 1981, he wrongfully possessed, transferred, and sold .83 grams of hashish; and on January 30, 1981, he wrongfully possessed 8.59 grams of hashish, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934, respectively. Gay pleaded not guilty to all of the charges, was acquitted of the conspiracy, but was found guilty of the other alleged offenses. The sentence adjudged was a bad-conduct discharge, confinement and forfeiture of $334.00 pay per month for 6 months, and reduction to the grade of E–1. After approval of the findings and sentence by the convening authority, the United States Army Court of Military Review set aside the finding of guilty on the specification alleging transfer of hashish and, upon reassessment of the sentence, reduced the confinement and forfei-

tures by one month, but otherwise approved the sentence.

We granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY REFUSING THE DEFENSE REQUEST TO INSTRUCT MEMBERS THAT FINDINGS OF GUILTY MUST BE SUPPORTED BY EVIDENCE EXCLUDING EVERY FAIR AND REASONABLE HYPOTHESIS OF INNOCENCE.

We have determined that no error was committed.

## I

To establish that appellant possessed hashish on January 30, the Government offered evidence that, incident to his apprehension on that date, Gay was searched and the drug was located on his person. With respect to the alleged sale, transfer, and possession on January 19, the Government's case depended largely on Specialist Four John Bird, an undercover agent, who testified that he had purchased hashish from appellant on that date. Taking the stand in his own defense, Gay conceded that he had possessed hashish when apprehended on January 30, but he vigorously disputed Bird's account of a drug transaction on January 19.

After all the evidence was in, the military judge discussed instructions with counsel in an Article 39(a) * session. Defense counsel noted that he had already submitted a written request for an instruction on reasonable doubt, which was marked as appellate exhibit IV and read:

> A "reasonable doubt" is just what the words imply, that is, a doubt, founded in reason, which arises from the evidence or lack of it, after consideration of all the evidence. A "reasonable doubt" is not a fanciful or fictitious doubt, since such doubts can be raised about anything and everything in the human experience. Rarely, if ever, can anything be proved to an absolute or mathematical certainty, and such a burden is not required of the government here. Rather, in considering the evidence in this case, before you may vote for a finding of guilty, you must be convinced to a moral certainty that the evidence is such as to exclude every fair and rational hypothesis or theory of innocence. If you are not so convinced, then the presumption of the accused's innocence must prevail, and it is your duty to find the accused not guilty. The rule as to reasonable doubt extends to every element of each offense. That means that the Government must prove beyond a reasonable doubt each and every element of an offense before you may vote for a finding of guilty as to that offense.

As authority for his request, defense counsel cited *United States v. Crumb,* 10 M.J. 520 (A.C.M.R.1980).

The judge then announced:

> I'm aware of the COTTEN case and CRUMB case and I left out the terminology "substantial" and I don't talk about—I leave out the language "If you have an abiding conviction of the accused's guilt which you would be willing to act upon in the more important matters." By eliminating those matters I think that we have a very short and to the point and accurate definition of reasonable doubt, so I will give that instruction rather than the one that you have proposed which is far longer and I think far more confusing.

Defense counsel made no objection to the proposed instruction; thereafter the judge advised the court members on reasonable doubt in this manner:

> By reasonable doubt is intended not a fanciful or ingenious doubt. It's not intended to be conjecture, but what is meant by reasonable doubt is an honest conscientious doubt suggested by the material evidence or the lack of it in the case. It is an honest misgiving caused by insufficiency of proof. Proof beyond reasonable doubt means proof to a moral certainty. It does not, however, require proof to an absolute certainty or to a

---

* Uniform Code of Military Justice, 10 U.S.C. § 839(a).

mathematical certainty. And the rule as to reasonable doubt extends to each element of each offense.

After the judge completed his instructions, he inquired if there were any objections or requests for additional instructions. Trial counsel and defense counsel responded in the negative.

## II

Due process requires proof beyond a reasonable doubt for conviction of a crime. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Implementing this requirement, Article 51(c) of the Uniform Code of Military Justice, 10 U.S.C. § 851(c), directs that,

[b]efore a vote is taken on findings, the military judge ... shall ... instruct the members of the court as to the elements of the offense and charge them—

(1) that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond reasonable doubt;

(2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;

(3) that, if there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and

(4) that the burden of proof to establish the guilt of the accused beyond reasonable doubt is upon the United States.

Although "a split of authority" exists among the United States Court of Appeals as to "whether upon request a trial court must define reasonable doubt in its jury instructions," *see United States v. Witt,* 648 F.2d 608, 610 (9th Cir.1981) (footnote omitted), this Court has ruled that

when a specific request for clarifying instructions is made—and particularly when accompanied by suggested language—we think it a clear abuse of discretion on the part of the [military judge] to reject the request. Indeed he need not use the particular instruction submitted, so long as the one he does give complies with the substance of the request.

*United States v. Offley,* 3 U.S.C.M.A. 276, 280, 12 C.M.R. 32, 36 (1953).

Thus, the defense was clearly entitled to have the court members instructed about the meaning of reasonable doubt; but the judge was not required to give an instruction in the exact language of the request. Appellant cannot complain so long as the judge substantially covered the topic of reasonable doubt in his instructions to the members.

In examining the language used by the judge, we observe that he did not use phrases which heretofore have been condemned as misleading in *United States v. Salley,* 9 M.J. 189 (C.M.A.1980), and *United States v. Cotten,* 10 M.J. 260 (C.M.A.1981). However, unlike the requested instruction, the judge's advice to the members contained no reference to any requirement that the evidence be such as to exclude every fair and rational hypothesis of innocence.

The Manual for Courts-Martial states that proof beyond reasonable doubt requires that the evidence "must be such as to exclude not every hypothesis or possibility of innocence but any fair and rational hypothesis except that of guilt." Para. 74a (3), Manual for Courts-Martial, United States, 1969 (Revised edition). Therefore, the use of such language in clarifying "reasonable doubt" would be permissible. *United States v. Crumb, supra.* However, we are convinced that the instruction given by the judge provided adequate guidance for the court members in determining how to apply the concept of reasonable doubt to the facts of the case before them.

At one time "many Federal courts, in a circumstantial evidence case, defined circumstantial evidence for the jury 'in time-honored terms that it must be consistent with guilt and inconsistent with any other hypothesis.'" *United States v. Mason,* 8 U.S.C.M.A. 329, 332, 24 C.M.R. 139, 142 (1957). However, in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed.

150 (1954), the Supreme Court disapproved this practice, because it concluded that such an instruction could confuse the jury by implying that in circumstantial evidence cases a standard higher than reasonable doubt would be applicable. *See United States v. Mason, supra* at 332–33, 24 C.M.R. at 142–43; *United States v. Bell,* 678 F.2d 547, 549 n. 3 (5th Cir.1982), *aff'd,* —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). While fully agreeing that the standard of reasonable doubt governs in circumstantial evidence cases just as in all other cases, *see United States v. Mason, supra,* we also observe that a case which depends on circumstantial evidence would seem the most suitable for explanation of reasonable doubt in terms of exclusion of every fair and rational hypothesis of innocence. On the other hand, such an instruction would have little relevance in a case which, as here, depended primarily on the court members' evaluation of the credibility of conflicting witnesses. Indeed, defense counsel must have been of the same opinion, because he did not, by objection or request for additional instruction, seek further amplification of the judge's explanation of reasonable doubt to the members.

### III

The decision of the United States Army Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.