UNITED STATES

v.

**Airman First Class Chris T. LEE, FR 543–02–5113 United States Air Force.**

ACM 24933.

U.S. Air Force Court of Military Review.

17 June 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Michael D. Wims and Major Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major David F. Barton.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A general court-martial consisting of members convicted the appellant of stealing $83 from a purse and stealing a video cassette recorder (VCR). He has asserted four errors, three of which warrant some discussion here.

### I

The appellant first asserts that the evidence is insufficient to convict him of stealing $83 from a purse. We disagree. The money was stolen from a purse on a civilian employee's desk. At trial, the victim testified that she had left her office to answer a phone in another room. She soon remembered she had left her purse on her desk and rushed back to check on it. As she neared her office door, a blond airman dressed in fatigues pushed past her. When she found her wallet was missing from her purse, she ran to the outside door and saw a blue Nissan pickup with a white camper shell leaving the parking lot. Sometime in the next few hours the appellant approached one of the base gates from the outside and gave a wallet, which was later identified as the one the victim had lost, to the gate guard. At trial it was established that the appellant's vehicle matched the description of the one the victim had seen, that the appellant had been in the area on official business, and that the appellant told the security police he had found the wallet in the parking lot between the victim's office building and the furniture warehouse (which had been his official destination). Further, the sergeant who sent him to the warehouse testified that it took him longer to accomplish his mission at the warehouse than he had expected.

Proof beyond a reasonable doubt does not require evidence that is free from doubt. United States v. Steward, 18 M.J. 506 (A.F.C.M.R.1984). The test to be applied is whether there is, in the record, some competent evidence from which the members of the court-martial, or the military judge in a trial by judge alone, could find, beyond a reasonable doubt the existence of every element of the offense charged. United States v. Taylor, 21 U.S. C.M.A. 220, 44 C.M.R. 274 (1972). It is well accepted that circumstantial evidence may be used to prove an offense. United States v. Mason, 8 U.S.C.M.A. 329, 24 C.M.R. 129 (1957); United States v. Bollig, 49 C.M.R. 877 (A.F.C.M.R.1975). There is sufficient evidence to allow the factfinder to determine that the appellant was guilty of Specification 1 of the Charge.

### II

Next, the appellant asserts that the military judge erred when he refused to grant the defense motion to dismiss Specification 2 of the Charge based on the appellant's mental incapacity to stand trial. We disagree.

The issue of the appellant's capacity to stand trial arose because he claimed to have no memory of the theft of the VCR involved in Specification 2 of the Charge. He further asserted that this lack of memory was due to his suffering from "fugue states and other dissociative (sic) reactions". The appellant had been seen by mental health practitioners for some time before the first offense occurred. These visits were to help him deal with lapses of memory and other consciousness difficulties he claimed resulted from a head injury he received when he was attacked in his dormitory room at his technical training base.

The defense called a psychologist for the New Mexico prison system who had exam-

ined the appellant as a result of an unrelated state offense. The psychologist testified that the appellant had an "excessive-compulsive personality with hysterical components and traits." He stated further that the appellant was experiencing dissociative reactions and was suffering from posttraumatic stress. He testified that dissociative states were "out-of-body" experiences where a person would feel "outside of oneself". In such a state, he testified, sufferers have no conscious control over their actions. He also testified that he saw no evidence that the appellant was "putting on an act" or trying to convince the psychologist of something that was not true.

The government called the chief of the base hospital mental health clinic, a psychiatrist, who testified that he was convinced the appellant was not suffering from dissociative reactions. The psychiatrist thought it was "entirely possible, very probable that the fact that he doesn't remember what happened is to avoid criminal prosecution". He testified he had never observed any problem with the appellant's memory and that he never saw the appellant act in a way "which would be consistent with this kind of disorder, dissociative kind of problem". He also stated that the appellant was not suffering from posttraumatic stress disorder, but that he did have a mixed personality disorder.

The military judge was well within his mandate and discretion in finding the appellant competent to stand trial. R.C.M. 909. Prior to trial, an Air Force sanity board found the appellant sane. At trial, the appellant participated actively and appropriately. Rule for Court-Martial 909(a) provides that

> No person may be brought to trial by court-martial if that person is presently suffering from a mental disease or defect rendering him or her mentally incompetent to the extent that he or she is unable to understand the nature of the proceedings against that person or to conduct or cooperate intelligently in the defense of the case.

The ability to assist in one's own defense does not refer to matters involving legal questions, but to such phases of the defense as an accused would normally assist in, such as accounts of facts, identities of witnesses, and similar matters. *United States v. Martinez*, 12 M.J. 801 (N.M.C.M. R.1981). The question is whether the accused is possessed of sufficient mental power, and has such understanding of his situation, such coherency of ideas, control of his mental facilities, and the requisite power of memory, as will enable him to testify in his own behalf, if he so desires, and otherwise to properly and intelligently aid his counsel in making a rational defense. *United States v. Williams*, 5 U.S. C.M.A. 197, 206, 17 C.M.R. 197, 206, (1954). An inability to remember about the crime itself does not necessarily make a person incompetent to stand trial. For example, an accused may testify that he has no memory of the offense and analyze the probabilities of having committed the offense in light of his own knowledge of his character and propensities. MRE 406; *United States v. Olvera*, 4 U.S.C.M.A. 134, 15 C.M.R. 134 (1954).

After extensive presentation of evidence and argument, the military judge entered findings of fact on the appellant's competency to stand trial. He found that the appellant had a

> rational as well as a factual understanding as to the proceedings against him and that the lack of memory, if any, as to the particular offense being considered under this motion is a matter to be considered by the panel in the weighing of the mental responsibility of the accused, and of course, likewise with regard to his intent as to the commission of the offense.

> I further find that the accused possesses sufficient mental capacity to understand the nature of the proceedings against him, and I further find that the accused possesses sufficient mental capacity to conduct and to cooperate intelligently in the defense of this case.

The military judge had the opportunity to observe and question the appellant. After having that opportunity, he was convinced that the appellant was competent to stand trial. There is no indication in the record that the military judge abused his discretion in reaching that finding. The military judge properly denied the motion to dismiss Specification 2 of the Charge.

### III

■ The appellant next asserts that it was error for the convening authority to take action before a copy of the authenticated record of trial was served on him. We find error, but disagree that it requires corrective action.

The record of trial was authenticated by the military judge on 5 June 1985. The defense counsel signed the Department of Defense Form 490, indicating he had examined the record of trial, on 10 June 1985. He acknowledged receipt of the staff judge advocate's recommendation and a copy of the record of trial on 18 July 1985. On that same day, the defense counsel notified the convening authority that the appellant had not received his record of trial, but that he was going to submit clemency matters (which he did). The staff judge advocate included a discussion of the defense counsel's posttrial response and the clemency materials in an addendum to his recommendation. The recommendation and addendum were submitted to the convening authority before he took action on 27 July 1986. The record of trial was sent to the appellant at the Kirtland Air Force Base, New Mexico, confinement facility on 1 July 1985. Because he had been moved to the confinement facility at Dyess Air Force Base, Texas, the record did not reach him until four days after the convening authority's action was taken.

Although it was error not to serve a copy of the record of trial on the appellant as soon as it was authenticated, *United States v. Cruz-Rijos*, 1 M.J. 429 (C.M.A.1976), we perceive no prejudice to the appellant. The record was served on the appellant's defense counsel and the appellant's legal and clemency matters were presented to the convening authority prior to action. *United States v. Dillon*, 3 M.J. 504 (A.F.C.M.R. 1977); *United States v. Coldiron*, 9 M.J. 900 (A.F.C.M.R.1980).

### IV

The appellant's remaining assertion of error is also without merit. The appellant's motions to file letters out of time, dated 27 May 1986 and 4 June 1986, and the letters themselves are granted. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY concurs.

Judge O'HAIR did not participate in this decision.