**UNITED STATES**

v.

**Airman Troy L. BOSWELL, FR 264–81–7118, United States Air Force.**

**ACM 27991.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1989.

Decided 15 March 1990.

The appellant and Government entertain contrary positions on this issue. We note that the military judge held the prosecution to the stricter standard advocated by the appellant, and that appellant was found guilty under that regimen. We affirm.

Airman Boswell was found guilty by a general court-martial consisting of members of wrongfully using marijuana and methamphetamine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He had pled not guilty to these matters. His sentence is a bad conduct discharge, confinement for 28 months, total forfeitures, and reduction to airman basic.

In a well-crafted brief, his appellate counsel urge that the testimony of disreputable accomplices was insufficient to prove him guilty of these drug-related offenses. Two accomplices appeared as to the marijuana use, four as to methamphetamine use.

At trial, the military judge instructed the members that the testimony of the accomplices was uncorroborated. She gave the traditional military instruction that a conviction cannot be based upon uncorroborated testimony given by an accomplice if it is self-contradictory, uncertain, or improbable.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Terry M. Petrie and Major Paul H. Blackwell, Jr.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Under the Manual for Courts–Martial 1984, is accomplice testimony subject to special rules as to witness credibility, or is it measured by normal guidelines?

### I

There are three general views regarding accomplice corroboration. (1) Accomplices should be treated precisely the same as any other witness—the sole test is whether the finder of fact believes their testimony beyond a reasonable doubt. (2) Accomplice testimony is inadmissible unless corroborated. (3) A conviction may rest on uncorroborated testimony of an accomplice *unless* it fails under some legal thermometer designed to assess its evidentiary health such as "self-contradictory" or "impeached" or "incredible." *See United States v. Rehberg*, 15 M.J. 691, 693 (A.F.C. M.R.), *pet. denied*, 16 M.J. 185 (C.M.A. 1983); 3 Wharton, *Criminal Evidence* 343 (1973); 30 Am.Jur.2d *Evidence* sec. 1151 (1967).

Historically, the 1921 and 1928 Manuals for Courts–Martial went off in another direction; however, option (3) ultimately prevailed in military practice, apparently through endorsement by the boards of review. *See* Fischer, *Corroboration of Accomplice Testimony: The Military Rule*, Army Lawyer 48 (May 1986). The familiar accomplice corroboration rule (incantation of a trinity composed of the terms *self-contradictory*, *uncertain*, and *improbable*), first appeared in the Manual for Courts–Martial, 1949. It then was codified in paragraph 153*a* of the Manual for Courts–Martial, United States, 1951, and remained a part of the Manual until 1984. The 1984 Manual makes no specific mention of an accomplice corroboration rule.

Citing *United States v. Dubose*, 19 M.J. 877, 879 n. 3 (A.F.C.M.R.1985), the Government appellate brief suggests that the corroboration requirement of the older Manuals was eliminated by the Manual for Courts–Martial, 1984. This, says the Government, puts accomplices into category (1)—*per se* competent to testify and withstand evaluation under normal rules of credibility, just as any other witness. The Government draws strength from the provocative analysis of Judge Raichle in *Rehberg*, decided under the 1969 Manual, urging that accomplice testimony be measured "by the normal guidelines as to witness credibility;" she argued tellingly that:

> Since the testimony of children, lunatics, drunks, friends and relatives of the accused, victims of sex crimes, and witnesses testifying under a grant of immunity is evaluated under normal rules of witness credibility, it defies logic to en-

graft additional credibility requirements on the testimony of accomplices.

*United States v. Rehberg*, 15 M.J. at 694.

Contrariwise, some argument still can be made that the old corroboration rule (3) remains in effect. Captain Fischer's article, for example, notes that the Drafters Analysis cites with approval *United States v. Lee*, 6 M.J. 96 (C.M.A.1978) and *United States v. Moore*, 8 M.J. 738 (A.F.C.M.R. 1980), *aff'd.* 10 M.J. 405 (C.M.A.1981). These cases restate the traditional military corroboration rule for accomplices. He also suggests that Mil.R.Evid. 101(b)(1) requires courts-martial to follow federal court practice when practicable and he points out that a number of federal courts apply an accomplice corroboration rule analogous to the longstanding military standard. *See United States v. Scales*, 10 C.M.A. 326, 27 C.M.R. 400 (1959) and the Federal cases cited therein and Annot., 17 A.L.R.Fed. 249 (1973).

Recent military precedents have not definitely settled the issue. *See United States v. Hubbard*, 28 M.J. 27, 34 (C.M.A.1989). Finally, one can argue that *United States v. Dubose*, 19 M.J. at 879 n. 3 is dictum which does not squarely decide the question for Air Force practitioners.

We believe it inappropriate for us to anticipate how the Court of Military Appeals will determine this issue in the fulness of time.[1] For the moment, the issue is merely academic for this appellant—and for us. The fact is that once the military judge found, as a matter of law, that the government witnesses were uncorroborated, she gave the standard "self-contradictory, uncertain, or improbable" instruction.[2] She also instructed upon the credibility of wit-

---

1. "Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant...." Judge Learned Hand in *Spector Motor Service Inc. v. Walsh*, 139 F.2d 809, 823 (2d Cir.1944).

2. Appellate decisions have furnished some useful rules governing application of the terms "self-contradictory," "uncertain," and "improbable." The term "self-contradictory" appears to solely embrace testimony of the witness *during trial*. *United States v. Rehberg*, 15 M.J. 691 (A.F.C.M.R.) *pet. denied*, 16 M.J. 185 (C.M.A.

1983). *United States v. Copeland*, 21 C.M.R. 838, 859 (A.F.B.R.), *pet. denied* 4 U.S.C.M.A. 733, 22 C.M.R. 331 (C.M.A.1956). As for the word "improbable," if some reasonable minds could find the accomplice's testimony believable, that testimony is *not* improbable for purposes of the rule. *See United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Scales*, 10 C.M.A. 326, 27 C.M.R. 400 (1959). Finally, as for the word "uncertain," there is little judicial interpretation. *See generally United States v. Allums*, 5 C.M.A. 435, 18 C.M.R. 59 (1955).

nesses, accomplice testimony, and inconsistent statements.

In this instructional posture, the appellant received, at a minimum, all that he was entitled to under current military practice—and perhaps more. To repeat for emphasis, in this court-martial, the members were told that there was no corroboration and that they would be required to find the testimony of the witnesses *not* self-contradictory, uncertain, or improbable before they could convict the appellant.

 We reason that there was ample competent evidence from which the finders of fact could determine, beyond reasonable doubt, the existence of each element of the offenses charged. *United States v. Zammit*, 16 M.J. 330, 332 (C.M.A.1983); *United States v. Lee*, 22 M.J. 767 (A.F.C.M.R.1986), *pet. denied* 23 M.J. 406 (C.M.A.1987). We too are convinced of his guilt of these matters.

### II

 Our attention is invited to sentence appropriateness. As the Government brief points out, the appellant was convicted of using methamphetamine and marijuana over a nine-month period. He inhaled methamphetamine between five and ten times and sometimes injected the substance into his body as well. Given such a factual setting, a sentence of 28 months confinement (reduced from 36 months by the convening authority) was in all respects appropriate.

### III

Finally, the appellant notes that there was a post-trial delay of 191 days from trial to action. The appellant has failed to indicate any prejudice. He became eligible for parole on 5 December 1989; according to an affidavit from the Acting Chief, Clemency, Corrections and Officer Review, Office of The Judge Advocate General, the appellant's petition was entertained by the Clemency and Parole Board on 15 December 1989. *See United States v. Bourgette*, 27 M.J. 904 (A.F.C.M.R.1989), *pet. granted* 27 M.J. 401 (C.M.A.1988).

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.