UNITED STATES, Appellee,

v.

Private First Class Anthony McPHER-SON, SSN 362–70–7936, United States Army, Appellant.

SPCM 16138.

U. S. Army Court of Military Review.

19 Jan. 1982.

Captain John Lukjanowicz, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Major Robert C. Rhodes, JAGC.

Captain Richard P. Laverdure, JAGC, argued the cause for the appellee. With him on the brief were Major John T. Edwards, JAGC, and Major John T. Meixell, JAGC.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

O'DONNELL, Judge:

At a trial by judge alone, the appellant was convicted of larceny of stereo equipment, housebreaking, and false swearing in violation of Articles 121, 130 and 134, of the Uniform Code of Military Justice, 10 U.S.C.

§§ 921, 930 and 934. He was acquitted of another charge of stealing a camera. His sentence to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $300.00 pay per month for five months and reduction to the lowest enlisted grade was approved by the convening authority.

The court found the appellant guilty of stealing the stereo equipment from a unit supply room that he and two others had unlawfully entered. The false swearing charges resulted from the appellant's statements to a criminal investigator concerning the larceny and housebreaking. At trial, the government's evidence rested primarily on the testimony of the two accomplices, Private Orlando Rael and Private Daniel Pinero. The appellant asserts on appeal that the charges must be dismissed because the testimony of the accomplices was not corroborated.

Civilian jurisdictions are split on the need for corroboration of accomplice testimony. A minority of those jurisdictions insist on corroboration of such testimony in all cases. In the federal courts and in most state jurisdictions, however, there is no requirement for independent corroboration. The testimony of an accomplice, like that of any other witness, is sufficient to support a conviction, if believed. Normal considerations of credibility apply rather than a rigid mechanical rule. Those jurisdictions generally require a judge on request to instruct the court to treat an accomplice's testimony with caution in view of his personal interest in the matter. The military rule falls more or less into the middle, prescribing corroboration only if the testimony is self-contradictory, uncertain or improbable. Paragraph 74a (2), Manual for Courts-Martial, United States, 1969 (Revised edition).[1]

In the instant case, both of the accomplices testified for the Government.[2] The appellant asserts that their testimony was improbable and self-contradictory, requiring corroboration. Both witnesses testified that they planned to sneak into the unit supply room to steal stereo equipment. The appellant was not associated with them at that time. However, when they entered the supply room, they discovered the appellant in the process of stealing the equipment. The three of them acting together removed the equipment from the room. The two accomplices testified that they gained access to the room by climbing through a window on the fourth floor of their barracks, walking across a roof and climbing through another window in the supply room.[3]

The appellant (according to the accomplices) remained in the supply room and passed the equipment through the window to one or both of the others. The equipment was then taken across the roof and passed through the barracks window into the hallway, after which it was taken to Pinero's room on the third floor. Pinero then dropped the equipment out the window to Rael and the appellant who caught it in an Army blanket outside the barracks. The stereo speakers were estimated to weigh between 65 and 75 pounds.[4]

The appellant testified in his own behalf and denied any involvement in the theft.

1. See Section 2056, Wigmore on Evidence, (Chadbourn revision, 1978) for a historical discussion of corroboration of accomplice testimony. See also Toles v. United States, 308 F.2d 590 (9th Cir. 1962) cert. denied, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963). The Manual provision is based on Army Board of Review decisions. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at page 241.

2. Testimony of one accomplice may not corroborate the testimony of another. United States v. Moore, 2 M.J. 749, 752 (AFCMR 1977).

3. Private Rael, who worked in the supply room, stated that the window was left open by the supply sergeant. The sergeant, however, denied doing so.

4. The accomplices differed somewhat on how the equipment was taken from the supply room to the hallway. Rael testified that the appellant handed the equipment to Pinero on the roof and that Pinero took it across the roof himself and passed it to Rael who was in the hallway. Pinero stated that the appellant handed the equipment to him and to Rael, who was also on the roof, that Rael slid the equipment across the roof and that the two of them moved it into the hallway.

The events as related by the accomplices were somewhat unusual, especially with respect to the fortuitous discovery of the appellant in the supply room. We do not, however, find the testimony to be improbable. The self-contradictory element of the corroboration rule requires some elaboration. As noted above, the two accomplices differed as to precisely who moved the equipment across the roof into the hallway of the barracks. There was also conflicting testimony between the two witnesses as to how the stolen property was to be divided. Moreover, Pinero's testimony was contrary to previous sworn statements made to the criminal investigators before trial.[5] As we view the corroboration rule, however, the self-contradictory factor relates solely to the testimony of the witness during the trial. *United States v. Copeland*, 21 C.M.R. 838, 859 (AFBR), *pet. denied*, 7 U.S.C.M.A. 781, 22 C.M.R. 331 (1956); *United States v. Jones*, 15 C.M.R. 664, 671 (AFBR), *pet. denied*, 4 U.S.C.M.A. 733, 15 C.M.R. 431 (1954). *See United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972). *But see United States v. Baker*, 2 M.J. 360 (AFCMR 1977). As the testimony of the accomplices was internally consistent, there is no requirement for corroboration. The other inconsistencies, of course, do have a bearing on the overall credibility of the witnesses and have been considered by us in this regard.

We are satisfied that the witnesses were credible. The testimony of each in all essential aspects was consistent with that of the other. The military judge who saw and heard the witnesses stated for the record that he believed them. We arrive at the same conclusion, bearing in mind the Manual admonition that accomplice testimony, even if apparently credible, "is of questionable integrity and is to be considered with great caution." Paragraph 74a (2), Manual for Courts-Martial, United States, 1969 (Revised edition). We are likewise satisfied beyond a reasonable doubt that the evidence is sufficient to support the conviction.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge FOREMAN concur.

5. In his first statement to the criminal investigators, Pinero said that a fellow soldier named Rodriguez had purchased the stereo set from the owner. In his second statement, made the next day, he stated that Rael and the appellant stole the set and that he bought some of the components from Rael not knowing they were stolen. Finally, on the following day, he admitted his involvement. Pinero also admitted that he had previously lied about his complicity in the larceny of the camera (the offense of which the appellant was acquitted).