**UNITED STATES**

v.

**Airman First Class Jeffrey A. REHBERG, FR 533–74–6906 United States Air Force.**

**ACM 23628.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 April 1982.

Decided 4 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lt Col Kenneth A. Pels, USAFR.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Tried by general court-martial, military judge sitting alone, the accused pled guilty to use of hashish, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934, and not guilty to use, possession, and transfer of lysergic acid diethylamide (LSD), in violation of Article 92, U.C.M.J., 10 U.S.C. § 892. He was found guilty of all charges and specifications. The approved sentence extends to a bad conduct discharge, confinement at hard labor for ten months, forfeiture of $367.00 per month for ten months, and reduction to airman basic.

Appellate defense counsel have called our attention to the error raised by the trial defense counsel in his brief submitted pursuant to Article 38(c), U.C.M.J., 10 U.S.C. § 838(c). Specifically, counsel argue there is insufficient evidence to support the findings of guilt as to Charge II and its specifications, the LSD offenses. The defense urges that the convictions cannot stand because they are based solely on the uncorroborated testimony of three accomplices which was self-contradictory and uncertain. We disagree.

Airmen R, S, and T all testified regarding a party at Airman R's house where they and the accused used LSD supplied by Airman R. Airman T also testified that the accused transferred some LSD to him and that he saw the accused in possession of LSD on base at various times. Airman R testified that he had seen LSD in the possession of the accused at various times both on and off base. All of the witnesses had given prior statements to the Office of Special Investigations and had testified at various Article 32 investigations. All of their statements differed to some degree from the testimony that they gave in court. However, each offered a plausible explanation for the inconsistencies.

■ A witness may be considered to be an accomplice if he was culpably involved in the commission of the offense with the accused. *United States v. Scoles,* 14 U.S.C. M.A. 14, 33 C.M.R. 226 (1963). For pur-

poses of this case, we will assume, without deciding, that these witnesses were, in fact, accomplices of the accused.

 The law on accomplice testimony is well established. A conviction cannot be based upon uncorroborated testimony given by an accomplice in a trial for any offense if the testimony is self-contradictory, uncertain, or improbable. Even if apparently corroborated and apparently credible, the testimony of an accomplice which is adverse to the accused is of questionable integrity and is to be considered with great caution. M.C.M., 1969 (Rev.), para. 74a (2). The testimony of one accomplice cannot serve to corroborate the testimony of another. *United States v. Williamson,* 2 M.J. 597 (A.F.C.M.R.1976).

 Since there was no independent evidence to corroborate the testimony of these witnesses, the conviction must be set aside if the testimony is found to be self-contradictory, uncertain, or improbable. Citing *United States v. Baker,* 2 M.J. 360 (A.F.C.M.R.1977), the accused argues that the prior inconsistent statements of the accomplices make their testimony self-contradictory. That case appears to hold that prior inconsistent statements of accomplice witnesses are admissible as relating to the court's determination of whether the accomplices' testimony was self-contradictory. We believe such holding to be contrary to the weight of authority. *See United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972); *United States v. Copeland,* 21 C.M.R. 838, 859 (A.F.B.R.), *pet. denied,* 4 U.S.C.M.A. 733, 22 C.M.R. 331 (1956); *United States v. Jones,* 15 C.M.R. 664, 671 (A.F.B.R.), *pet. denied,* 4 U.S.C.M.A. 733, 15 C.M.R. 431 (1954). We find the better-reasoned rule to be that set forth in *United States v. McPherson,* 12 M.J. 789 (A.C.M.R.1982). There, the Army Court of Military Review viewed the self-contradictory aspect of the accomplice rule as relating solely to the testimony of the witnesses *during trial.* Since the testimony was internally consistent, there was no requirement for corroboration. Thus, we hold that the prior inconsistent statements of the accomplice witnesses did not, *per se,* make their testimony at trial self-contradictory. To the extent that the holding of *United States v. Baker, supra,* stands for a different principle of law, we decline to follow that precedent. Viewing the evidence in this light, we find the testimony of the accomplice witnesses to be internally consistent, certain, and probable.

We note that civilian jurisdictions have adopted varying rules for weighing accomplice testimony. *See* 30 Am.Jur.2nd Evidence, sec. 1151. These rules generally fall into one of three categories. On one end of the spectrum are those jurisdictions which require corroboration of accomplice testimony before it can be considered at all. At the other extreme are jurisdictions, including the Federal courts, which allow consideration of accomplice testimony, with or without corroboration, and permit the jury to believe or disbelieve the testimony as measured by the normal guidelines as to witness credibility. *See generally* Annot., 17 A.L.R.Fed. 249. In the middle of these two extremes is the common law rule, currently followed in the military, which allows the jury to consider accomplice testimony, but requires that the testimony not be self-contradictory, uncertain, or improbable, if uncorroborated. M.C.M., 1969 (Rev.), para. 74b(*2*).

We strongly recommend that the rule followed by the Federal courts be adopted for military practice. In point of fact, the Federal rule was the rule prevailing in the military during the first half of this century. The rule regarding accomplice testimony set forth in A Manual for Courts-Martial, U.S. Army, 1921, was as follows:

> While in Federal courts and courts-martial corroboration of the testimony of an accomplice need not be required, yet from the character of the associations formed the uncorroborated testimony of an accomplice should be received with great caution. M.C.M., 1921, para. 224.

This rule continued in effect through the Manual for Courts-martial, U.S. Army, 1928:

> A conviction may be based on the uncorroborated testimony of an accomplice, but

such testimony is of doubtful integrity and is to be considered with great caution. M.C.M., 1928, para. 124*a*.

It was not until 1949 that the current rule regarding accomplice testimony appeared in principle in the M.C.M. It stated:

... [A] conviction should not be based on the contradictory, uncertain or improbable testimony of but one witness if the contradiction or other fault is not explained. A conviction may be based upon the uncorroborated testimony of an accomplice, but such testimony, even though apparently credible, is of doubtful integrity and is to be considered with great caution. M.C.M., U.S. Air Forces, 1949, para. 139*a*.

This language was paraphrased in the 1951 M.C.M. *See* Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at page 241. Based on Army Board of Review cases, a provision requiring corroboration of the testimony of victims of sexual offenses was also added. The new paragraph thus placed accomplices and victims of sexual offenses in the same category as far as credibility was concerned. That paragraph then stated:

... [A] conviction cannot be sustained solely on the self-contradictory testimony of a particular witness, even though motive to commit the offense is shown, if the contradiction is not adequately explained by the witness in his testimony. Also, a conviction cannot be based upon the uncorroborated testimony of an alleged victim in a trial for a sexual offense, or upon the uncorroborated testimony of a purported accomplice in any case, if such testimony is self-contradictory, uncertain, or improbable. The uncorroborated testimony of an accomplice, even though apparently credible, is of

doubtful integrity and is to be considered with great caution. M.C.M., 1951, para. 153*a*.

This provision was carried forward substantially unchanged to the 1969 M.C.M. and remained the law until 1980 when the uniformed services adopted the Military Rules of Evidence. These new rules were based on the Federal Rules of Evidence which prevailed in the Federal courts. Adoption of these new rules effectively deleted the corroboration requirement with regard to victims of sexual assaults which had been added in 1951. Interestingly, although the new Military Rules of Evidence replaced the entire chapter of the 1969 Manual for Courts-Martial which covered evidentiary rules, the corroboration requirement with regard to accomplices was inexplicably retained, rather than being deleted, and moved to a different chapter which covers findings and sentence.

We believe that reversion to the Federal rule is long overdue. We are unaware of any other group of witnesses, other than accomplices, to whom a specific, mechanical test of measuring credibility is applied. Under the Military Rules of Evidence all persons are competent to be witnesses. Mil. R.Evid. 601. Since the testimony of children, lunatics, drunks, friends and relatives of the accused, victims of sex crimes, and witnesses testifying under a grant of immunity is evaluated under normal rules of witness credibility, it defies logic to engraft additional credibility requirements on the testimony of accomplices. Although an instruction that an accomplice's testimony should be viewed with great caution could be given if requested, we do not believe that it is required.*

*Other scholars would prohibit any instruction pertaining to accomplice testimony. As stated by then Chief Judge Fletcher:

I am convinced that an instruction on the testimony of an accomplice should not be given, requested or not. I believe it is improper to call attention to the testimony of any witness. A general instruction is mandated as to the test of the credibility of all witnesses.

*United States v. Lee,* 6 M.J. 96, 98 (C.M.A. 1978) (Fletcher, C.J. concurring); *see also United States v. Young,* 11 M.J. 634 (A.F.C.M.R. 1981) (Mahoney, J., dissenting). Although this position has merit, it is not in keeping with current Federal practice. *See* Annot., 17 A.L. R.Fed. 249. It is solely for this reason that we do not recommend adoption of this position.

Since the policy behind adopting the Federal Rules of Evidence was to insure, where possible, an evidentiary law common to Federal courts, M.C.M., 1969 (Rev.), App. 18 at 18–2 (1980) (Drafters' Analysis of Rule 101), we strongly recommend deletion of the current evidentiary rule pertaining to corroboration of accomplice testimony.

The findings of guilty and sentence are AFFIRMED.

KASTL, Senior Judge, and SNYDER, Judge, concur.