## UNITED STATES

### v.

**Airman Michael A. DUBOSE, FR 283–58–0006, United States Air Force.**

**ACM 24414.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Feb. 1984.

Decided 31 Jan. 1985.

Appellate Counsel for the Accused: Mr. Thomas W. Connors, Cleveland Heights, Ohio, Mr. A. Pearson Leary, Chagrin Falls, Ohio, Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Major Kevin L. Daugherty.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

Appellant has been convicted of three specifications of distribution of marijuana, two specifications of distribution of cocaine, one specification of possession of marijuana, one specification of use of marijuana, and one specification of possession of drug paraphernalia in violation of a lawful general regulation. The court also returned a finding of guilty of use of cocaine but the convening authority disapproved that finding.

Appellant's convictions were based primarily on his own admissions to agents of the Air Force Office of Special Investigations (AFOSI) and the testimony of Airman William E. Cox and his wife Charlene Cox. The Cox's were acquainted with the appellant and, between April 1983 and August

1983, used marijuana with him and received marijuana from him on several occasions. In late August, however, Airman Cox was questioned by AFOSI and persuaded to serve as an informant. Thereafter he participated in three AFOSI controlled purchases of marijuana and cocaine from the appellant.

Appellate defense counsel have invited our attention to a letter from the appellant and they have submitted numerous assignments of error.[1] We find merit in only one of the assignments and have found that error harmless. We will discuss three of the assigned errors.

## I

### THE MILITARY JUDGE FAILED TO INSTRUCT THE MEMBERS REGARDING ACCOMPLICE TESTIMONY

At trial, defense counsel requested "an instruction on *informant* testimony" as contained in AFM 111-2.[2] The military judge, citing *United States v. Cavalier*, 17 M.J. 573 (A.F.C.M.R.1983), *pet. denied*, 17 M.J. 433, (C.M.A.1984), denied the request and stated that he had considered its propriety as to those offenses occurring after the Cox's began cooperating with the AFOSI. He also considered, *sua sponte*, the propriety of an *accomplice* instruction as to those offenses occurring before such cooperation. Referring to *United States v. Rehberg*, 15 M.J. 691 (A.F.C.M.R.1983), *pet. denied*, 16 M.J. 185 (C.M.A.1983), he also stated he would not give such an instruction.[3] Appellate defense counsel now as-

sign the judge's failure to give an *accomplice* instruction as error. In their brief, however, they fail to specify the content of the instruction they believe should have been given. We find no error.

Paragraph 73*d*, M.C.M., 1969 (Rev.), states:

> [i]f either counsel submits proposed instructions or requests instructions on any matter, the military judge ... should provide instructions on the matter if it is in issue and has not been adequately covered elsewhere in his instructions.... The military judge ... may accept, reject, or modify any proposed instruction that is submitted, and may substitute instructions of his own or refuse to give any instructions on a matter included in a proposed instruction submitted by counsel, subject to the limitations above.

Thus, although the military judge enjoys some measure of discretion regarding the content of his instructions, his exercise of that discretion is not without limits. When a party proposes an instruction, the military judge must consider: (1) whether the evidence has adequately raised the issue addressed by the instruction; (2) whether the matter will be adequately covered elsewhere in the anticipated instructions; and (3) whether the proposed instruction accurately states the law and accurately reflects the potential impact of the law on the facts of the instant case. When a requested instruction meets these criteria the military judge *should* give the instruction and, in most cases, a failure to do so

---

1. The government's Motion for Leave to File Affidavits is Granted.

2. AFM 111-2, Court-Martial Instructions Guide, was last published on 15 October 1971. AFR 0-2, 3 January 1983, Section D, reflected that AFM 111-2 was obsolete and had been superceded by DA Pamphlet 27-9, May 1982.

3. The military judge properly noted that our decision in *Cavalier, supra*, considered the propriety of an *informant* instruction and that the decision in *Rehberg, supra*, concerned an *accomplice* instruction. As to *accomplice* instructions, however, it is also important to note that there are actually two possible accomplice instructions: one regarding the need for corroboration and another advising the fact-finders of

the questionable integrity of accomplices and the need to weigh their testimony with great caution. The former was required by paragraph 74*a*(2), M.C.M., 1969 (Rev.), and though it was criticized in *Rehberg*, it remained in force until deleted in M.C.M., 1984. The latter accomplice instruction was also required in the 1969 Manual and was referred to in dictum in *Rehberg* as being consistent with federal law but not required in all cases. Our ruling today turns on the question of the military judge's obligation to give such an instruction, *sua sponte*. It does not decide the question of whether, under M.C.M., 1984, the latter instruction must be given when requested.

constitutes an abuse of discretion. Paragraph 73d, M.C.M., 1969 (Rev.).

In the case before us the military judge denied the requested *informant* instruction and cited *United States v. Cavalier, supra,* (in which we found no abuse of discretion when the military judge ruled that the substance of the proposed *informant* instruction was adequately covered in his other instructions regarding the credibility of witnesses). As in *Cavalier*, we find that the military judge did not abuse his discretion when he denied counsel's request.

■ Although trial defense counsel never requested an *accomplice* instruction, appellate defense counsel now assert that the judge's failure to give an accomplice instruction was error. We disagree. In the absence of a defense request, the military judge must instruct *sua sponte* on the effect of accomplice testimony only in exceptional cases when such testimony is of "pivotal importance" to the government's case. *United States v. Gilliam,* 23 U.S.C. M.A. 4, 48 C.M.R. 260 (1974); *United States v. Young,* 11 M.J. 634, 636 (A.F.C.M. R.1981). In the case before us the appellant's admissions to the AFOSI provided significant credible evidence of guilt. *See United States v. Lee,* 6 M.J. 96 (C.M.A. 1978). We thus find that the military judge did not commit plain error when he failed to give, *sua sponte,* an accomplice instruction.

## II

THE MILITARY JUDGE ERRED IN EXCLUDING FROM TRIAL WITNESSES CALLED BY THE MEMBERS. THE MILITARY JUDGE ERRONEOUSLY INSTRUCTED THE MEMBERS THAT THEY WERE NOT PERMITTED TO CALL WITNESSES.

■ After presentation of closing arguments by both parties, two court members submitted questions to the military judge. The military judge advised the members, in pertinent part, as follows:

It is not your role as members of a court-martial to attempt to call forth evidence or witnesses that aren't otherwise present in court and haven't been called by counsel. It is up to the counsel to determine what evidence and what witnesses come in here. You do have a certain area in which you can make inquiry as members of the court, but that is rather narrow. You can make inquiries of witnesses who are called in here to give testimony, but primarily for clarification of any portions of their testimony that you haven't quite understood. Your role is considerably different and considerably narrower in that respect that (sic) it might be if you were sitting as an investigative body or as a board of officers for some particular purpose.

This instruction was erroneous. Mil.R. Evid. 614. The issue, then, is whether the instruction substantially prejudiced the appellant. We find that it did not.

■ The Staff Judge Advocate identified the error and, as a result, the Convening Authority disapproved the only finding of guilty which could have been affected by the erroneous ruling and instruction. Our review of the record leads us to conclude that some of the requested evidence would have hurt rather than helped appellant's cause in regard to the allegation of marijuana use. There is no evidence to substantiate appellant's argument that, but for the military judge's erroneous instruction, the court members would have asked for other evidence which would have resulted in acquittal. We decline to speculate either that such evidence existed in this case or that, if it did, the court members would have asked for it. We, therefore, find that the error was harmless. *See Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Barnes,* 8 M.J. 115 (C.M.A.1979).

## III

THE MEMBERS VIOLATED THEIR DUTY NOT TO DISCUSS THE CASE WITH NONMEMBERS DURING THE COURSE OF THE TRIAL.

The court's findings were announced on 1 February 1984 and the members were

excused for the evening. The next morning the appellant failed to appear for trial. A witness testified that, after adjournment the night before, the appellant asked if he could borrow his car to go into town. Appellant failed to return at the agreed time and, five hours later, the witness contacted the Security Police. After further testimony regarding efforts to locate the appellant, the military judge decided to continue the trial in appellant's absence.

Upon reconvening an Article 39(a), 10 U.S.C. § 839(a) session at 1100 hours, the military judge advised the parties that an enlisted staff member of the base legal office had told him that, while he (the staff member) was passing through the area where the court members were seated, "he overheard two of the court members speaking about a missing or stolen car under circumstances suggesting the incident [involving the witness' car]". Thereafter, each court member was called in for individual *voir dire*. The military judge advised and inquired of each member substantially as follows:

> You are instructed that you will not draw and you may not and cannot draw any inference whatsoever from the fact that the accused is absent from this proceeding. Now that you have heard that instruction and know that the accused's absence can play no role whatsoever in your deliberations, is there anything at all that you believe is going to create any problem with you in following that instruction, anything you may have heard, anything you think you might know, anything whatsoever?

*Voir dire* of all members revealed no discussion among them regarding the cause of appellant's absence or the suspicion that he may have stolen an auto. Each member also assured the military judge that he could conscientiously determine a sentence without considering appellant's absence. The president of the court, however, stated that, as he was leaving the morning Wing standup briefing, the Vice Commander said, "I think the defendant is not here or something to that effect."

(Sic). The court president testified that was the extent of the comment and that it only led him to surmise that appellant's absence had been the cause of that morning's delay in reconvening the trial.

Trial defense counsel first challenged the court president for cause. When the military judge denied that challenge the defense counsel attempted to exercise his unused peremptory challenge against the president. This challenge was also denied.

Appellate defense counsel now argue that the *voir dire* examination did not adequately investigate the extent of the members' knowledge of the incident and that it is doubtful that the staff member lied about what he heard. The essence of their argument is that the inconsistency between the military judge's report of the staff member's observations and the court members' responses to *voir dire* questions make it apparent that some members did consult or listen to outside sources and that they lied when they stated otherwise. These arguments, however, fail to adequately frame the issue.

■ The first question is whether the military judge fulfilled his duty to inform the parties and to explore the validity of the staff member's report and its impact on the trial. In this regard the military judge reported the matter, conducted his own individual *voir dire* of each member, properly instructed each member regarding the effect of appellant's absence from the trial, and allowed both parties to *voir dire* each member. Apart from the assertion that this was inadequate, appellate defense counsel offer no suggestion as to what more should have been done. We find that the court adequately explored the matter. This is especially so when one recognizes the concern of all participants that they not ask questions which might either prejudice the members or emphasize matters which the members are being instructed to ignore.

■ The next question is whether the military judge abused his discretion when he denied appellant's challenge for cause

**882**

against the court president. In this regard the appellant had the burden of establishing that the member had received information in such a manner as to leave "substantial doubt as to the legality, fairness, and impartiality" of the proceedings. Paragraphs 62*f*(13) and 62*h*(2), M.C.M., 1969 (Rev.); *United States v. Tippit,* 9 M.J. 106 (C.M.A.1980); *United States v. McLeskey* 15 M.J. 565 (A.F.C.M.R.1982); *United States v. Davenport* 14 M.J. 547 (A.C.M.R. 1982); *aff'd,* 17 M.J. 242 (C.M.A.1984). *See United States v. Credit,* 2 M.J. 631, 646 (A.F.C.M.R.1976). In their attempt to meet their burden, appellant's counsel essentially argue that, because there is no evidence that the staff member lied in his report to the military judge, it should be concluded that the court president lied because he failed to state that he had heard anything about a stolen auto. The record simply does not support such a conclusion. We find that the court president had no more information regarding the appellant's absence from trial than he properly gained from his participation in the pre-sentencing proceedings.

Although trial defense counsel did not challenge any other member of the court, appellate defense counsel seem to be arguing that the apparent inconsistency between the staff member's report to the military judge and the court members' responses during *voir dire* should have caused the military judge to conclude that some unspecified members or all the members were lying. This argument is also without merit.

█ Appellate defense counsel's remaining argument is that, when viewed in the context of the available evidence, the severity of the court's sentence proves that the members considered extrajudicial information.[4] Appellant, however, was convicted of several distributions of cocaine and marijuana and numerous uses of marijuana. The maximum punishment for these offenses included confinement at hard labor for eighty-four years. In light of these matters, we cannot conclude that the magnitude of the adjudged sentence establishes that the court received extrajudicial information.

## IV

We have considered the appellant's letter to his counsel and the remaining assignments of error and found no errors materially prejudicial to the substantial rights of the appellant. The approved findings of guilty and sentence are correct in law and fact and are, therefore,

AFFIRMED.

RAICHLE and CANELLOS, Senior Judges, concur.

---

4. The court returned a sentence which included dishonorable discharge, confinement at hard labor for twelve years, forfeiture of all pay and allowances, and reduction to airman basic. The convening authority disapproved the finding of guilty of use of cocaine and approved only so much of the sentence as provided for dishonorable discharge, confinement at hard labor for eight years, forfeiture of all pay and allowances, and reduction to airman basic.