UNITED STATES

v.

**Senior Airman Richard O. VASQUEZ, FR467–23–6516 United States Air Force.**

ACM 30752.

U.S. Air Force Court of Criminal Appeals.

Sentence adjudged 23 Jan. 1993.

Decided 6 April 1995.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, Major Gilbert J. Andia, Jr., and Major Michael C. Barrett.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Colonel Thomas E. Schlegel, Lieutenant Colonel Mark C. Ramsey (on brief), and Major John H. Kongable.

Before SNYDER, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

SCHREIER, Judge:

Contrary to his pleas, members convicted appellant of making a false official statement, bigamy, and adultery and sentenced him to a bad-conduct discharge, confinement for 9 months, and reduction to E–1. Articles 107 and 134, UCMJ, 10 U.S.C. §§ 907 and 934 (1988). Appellant argues that the combined effect of the military judge's instructions on duress and trial counsel's argument shifted the burden of proving the duress defense to the appellant. Finding no prejudicial error, we affirm.

## FACTS

Appellant, a married man, performed temporary duty (TDY) in Turkey in support of Operation Provide Comfort. While there, he and a friend, EL, rented an apartment and began dating two Turkish women, NA and DB. At about 0230 hours on 11 November 1991, Turkish police came to the apartment, following a complaint, and took NA, DB, and AS, their landlord, who also shared the apartment, to the local police station for questioning. When the women returned several hours later, appellant claims they told him and EL that they had to get married or everyone would be thrown in jail. AS was aware of angry conversations and heard the word marriage mentioned, but did not directly participate in the conversations. The next day, appellant and EL went to the local consulate to obtain paperwork for marrying the women. EL married NA the following day and appellant married DB the day after.

At trial, appellant admitted the elements of the offenses but claimed he acted under duress and was not responsible for his actions in making the false official statement and marrying DB. He testified that he married her because he feared that he and the others would be imprisoned in a Turkish jail and subject to terrible conditions if he didn't. He stated that he had seen a movie years ago which showed the torture of an American in a Turkish prison. However, NA and DB deny ever saying they had to get married or everyone would go to jail.

During closing argument, trial counsel repeatedly asked the members to consider what evidence the defense had produced to support the elements of the duress defense, implying the defense had the burden of proof. The military judge denied the defense objections to counsel's argument while reminding the court members that the accused "doesn't have to present any evidence, . . ." and that argument of counsel is not evidence. Trial counsel's rebuttal argument went even further, stating: "The Military Judge is going to tell you that the evidence has raised the issue of defense [duress], but there is a big, big difference between raising it as in 'it has been brought up,' as in 'it is something you should consider,' and the Accused has established a prima facie case of it, that now the prosecution must rebut."

The military judge instructed the members that the evidence raised the issue of duress and the prosecution must prove the accused's guilt beyond a reasonable doubt. He further stated: "If you are convinced beyond a reasonable doubt that the accused did not act under duress, the defense of duress does not exist." However, he limited the duress defense to appellant's fear that he would go to jail and declined to instruct on the duress defense as it applied to the defense of innocent third parties.

Appellant now argues that the combined effect of trial counsel's argument and the

military judge's refusal to instruct on duress as it applies to the defense of others resulted in shifting the burden to the defense. We first address the appropriateness of trial counsel's argument.

### ARGUMENT OF COUNSEL

■ Once the military judge determines a defense is reasonably raised by the evidence, the burden shifts to the government to prove beyond a reasonable doubt that the defense is not applicable. R.C.M. 916(b). In this case, despite the military judge determining that the evidence raised the defense, trial counsel's argument repeatedly implied that the defense bore the burden of proving the elements of the defense. This argument was improper.

■ The initial actions of the military judge in denying the defense objections, making only a passing reference to the fact that the defense does not have to present evidence, refusing to provide the members an immediate instruction on the duress defense, and not instructing the members to disregard counsel's comments did not clarify the situation. However, trial defense counsel described the appropriate standard in his argument and the military judge further defused the error by correctly describing the government's burden during instructions. *United States v. Johnson*, 1 M.J. 213 (C.M.A.1975). After reviewing the argument as a whole and the instructions of the military judge, we believe the members were informed as to the correct burden of proof, and appellant suffered no prejudice as a result of trial counsel's argument. *United States v. Rodriguez*, 28 M.J. 1016 (A.F.C.M.R.1989), *aff'd* 31 M.J. 150 (C.M.A.1990); Article 59(a), UCMJ. However, we believe the better procedure, following objection by opposing counsel, is to immediately and completely correct any misstatements of the law rather than waiting until the instruction stage.

### INSTRUCTION ON DURESS DEFENSE

■ The duress defense is well established in military law. R.C.M. 916(h); *United States v. Rankins*, 34 M.J. 326 (C.M.A. 1992). It applies when an accused is under a reasonable apprehension that the accused or another innocent person would be immediately killed or immediately suffer serious bodily injury if the accused did not commit the act. The defense does not apply if the accused has a reasonable opportunity to avoid committing the act. R.C.M. 916(h).

■ Appellant, however, alleges that the military judge's use of the word "immediate" in the duress instruction was error. We disagree. Both the Manual for Courts–Martial, and case law, clearly require that the threat be immediate. R.C.M. 916(h); *Rankins*, 34 M.J. at 330. There was no error. Article 66(c), UCMJ.

■ Next, appellant alleges the military judge erred in refusing the defense requested instruction on duress as a result of a threat against other innocent individuals, claiming NA and DB were innocent third parties who were merely conveying the threat of the Turkish police. We disagree.

■ The standard of review is whether the military judge abused his or her discretion. *United States v. Damatta–Olivera*, 37 M.J. 474 (C.M.A.1993); *United States v. Dubose*, 19 M.J. 877, 879 (A.F.C.M.R.1985). Military judges review proposed instructions to determine if: (1) the charge is correct; (2) the matter will be covered in other instructions; and (3) whether the proposed instruction is on such a vital point that failure to give it impairs the defense. *Damatta–Olivera*, 37 M.J. at 478.

This case is unusual in several aspects:

(1) In the usual duress case, the individual is coerced into performing a criminal act by the person making the threat. Here, appellant was "coerced" by word of a "threat." Further, the act of getting married became criminal only because the appellant was already married.

(2) Normally, the person making the threat is also engaging in or threatening to engage in criminal conduct. *United States v. Mitchell*, 34 M.J. 970 (A.C.M.R.1992). Here, the women were not engaging in criminal conduct but were expressing a fear of going to jail as a result of a "threat" by the Turkish police.

(3) Unsubstantiated fear of injury or harm is not sufficient to establish duress. *United States v. DeHart*, 33 M.J. 58, 61 (C.M.A.1991). Military case law has not generally extended the duress defense to those cases where the accused has committed an offense because of the fear of illness or death of family members. *Rankins*, 34 M.J. at 329–30; *Mitchell*, 34 M.J. at 973.

(4) In the usual duress case involving the defense of a third party, the accused has a close relationship with that person such as a spouse, child, or fiance. *See Rankins*, 34 M.J. at 327; *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976); *Mitchell*, 34 M.J. at 972. Appellant has described these individuals as friends.

We do not believe that the duress defense was intended to apply to the unusual facts of this case and can find no precedent supporting its application to either appellant or others. A threat to send someone to jail does not establish the potential harm necessary to raise the duress defense. Moreover, an individual bears the responsibility for his or her actions. It is not duress to inform someone of the legitimate consequences, including criminal charges or jail, of their actions. Consequently, appellant received a windfall when the military judge gave the duress instruction as it pertained to appellant personally.

Therefore, we are not persuaded by appellant's argument that he was entitled to a duress instruction as it applies to innocent third parties. We have no obligation to grant appellant a second windfall by requiring such an instruction merely because the military judge, in an overabundance of caution, instructed on the defense as it pertained to appellant's personal fear of going to jail. The military judge did not abuse his discretion by not giving the requested instruction.

## CUMULATIVE ERROR

Finally, we reject appellant's assertion that the combination of these actions was sufficient to shift the burden of proof. After reviewing the record as a whole, we are convinced that the members followed the law. The factfinder may reject a claim of duress based on the credibility of the witnesses without the need for the government to produce independent evidence rebutting the defense. *DeHart*, 33 M.J. at 62. There was no prejudice to appellant's right to a fair trial. Article 59(a), UCMJ.

We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SNYDER and Judge PEARSON concur.